UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-00542-SEB-MJD |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO PROCEED UNDER PSEUDONYMS**

This matter is before the Court on Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms, [Dkt. 23], requesting that the Court allow Plaintiffs to pursue this action anonymously due to the nature of the Plaintiffs' allegations. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

**I. Background**

Plaintiffs John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 10, John Doe 12, John Doe 13, and John Doe 14 are former members of the University of San Francisco ("USF") baseball team. They allege that they were subjected to repeated sexual misconduct, psychological abuse, and retaliation by their coaches at USF. They are proceeding against USF and the coaches in a suit that is pending in the Northern District of California. *See John Doe 1, et al. v. National Collegiate Athletic Assoc.*, No. 3:22-

CV10559-LB (N.D. Cal.).[1]  That court dismissed the NCAA from that case, finding that it had no personal jurisdiction over the NCAA.  Plaintiffs then filed this case against the NCAA.

## II.  Legal Standard

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a plaintiff to proceed using a pseudonym to protect his or her identity.  *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996).  The presumption that parties' identities will be public information can be rebutted by showing that the harm to the plaintiff exceeds the likely harm from concealment.  *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name.  *Id.* at 669-70.  The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Does v. City of Indianapolis, Ind.*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006).  In determining whether to allow a plaintiff to proceed anonymously, the non-exhaustive factors articulated in *EW v. New York Blood Center* are helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the

---

[1] The Plaintiffs were granted leave to proceed using pseudonyms in the Northern District of California case.  Each Plaintiff has used the same pseudonym in that case and this case.  Plaintiffs do not explain why John Doe 9 and John Doe 11 are not participating in this case.

      public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also* Doe v. Ind. Black Expo, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. K.F.P. v. Dane County, 110 F.3d 516, 519 (7th Cir. 1997).

      Factors two, four, five, and six are relevant to the Court's analysis in this case and strongly weigh in favor of anonymity. The Court will discuss these factors below.

### III. Discussion

      The second factor strongly weighs in favor of Plaintiffs' request, which is demonstrated by the details set forth in the Complaint, including Plaintiffs' allegations of the sexual misconduct and abusive behavior of the coaches.

      The fourth factor lends support for anonymity as well. If Plaintiffs' identities are revealed, there is a very real risk that they will suffer emotional distress and possible retaliation for coming forward with their allegations. [*See* Dkt. 23 at 6 (discussing online disparagement directed at Plaintiffs).]

      Under factor five, Defendants will not be prejudiced by Plaintiffs proceeding anonymously, and, as noted, Defendants do not oppose this motion. Thus, this factor also favors Plaintiffs' request.

      Finally, allowing Plaintiffs to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. Plaintiffs' anonymity will not harm the public interest in guaranteeing open access to proceedings, as the record will not be sealed. Moreover, "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of

protecting the identities of the parties and witnesses.  The actual identit[y] of Plaintiff[s] . . . [is] of minimal value to the public." *Doe v. Purdue Univ.*, 321 F.R.D. at 343.

### IV. Conclusion

Despite the fact that the Seventh Circuit has expressed disapproval of anonymous litigants, in this case, the Court concludes in this case that Plaintiffs' need for anonymity outweighs the presumption of openness in judicial proceedings.  Accordingly, the Court **GRANTS** Plaintiffs' Unopposed Motion to Proceed Under Pseudonym.  [Dkt. 23.]  The Court hereby orders the following:

1. Plaintiffs may proceed in this case under the pseudonyms John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 10, John Doe 12, John Doe 13, and John Doe 14.  All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude Plaintiffs' true identity and to refer to Plaintiffs by their pseudonyms.

2. Any document that contains Plaintiffs' actual names or identifying information shall either have the names and identifying information redacted prior to filing or shall be filed under seal.

**Finally, the Clerk shall maintain Docket Number 22, which is a document that provides the identity of each Plaintiff, PERMANENTLY UNDER SEAL.**[2]

SO ORDERED.

Dated:  25 APR 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] If the parties file any other documents under seal in this case, they must fully comply with Local Rule 5-11.

4

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.