UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-00542-SEB-MJD<br><br>Judge:   Hon. Sarah Evans Barker |

## **FIFTH SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY**

Pursuant to the Court's Scheduling Order (ECF No. 91), Plaintiffs John Does 1-14 ("Plaintiffs") and the National Collegiate Athletic Association ("Defendant" or "NCAA") (collectively, "the Parties"), by counsel, respectfully submit this Fifth Supplemental Joint Report on the Status of Discovery in advance of the January 10, 2024 status conference:

1. *A detailed description of all discovery completed within the preceding 28 days.*

**Parties' Statement:** The Parties continued to meet and confer via email and telephonic conference regarding their respective discovery responses and their proposed narrowed or otherwise modified discovery requests, including most recently for an hour on January 8, 2024.

**Plaintiffs' RFPs**

Through their meet and confers, the Parties were able to reach agreement on the definition of "Sexual Misconduct," which affects Plaintiffs' RFP Nos. 4-7, and 32. The Parties also reached agreement as to the NCAA's proposed method for identifying documents responsive to Plaintiffs' RFPs 1, 5, 18-20, 22, 26, 28, 32, 33, and 34.

The NCAA also produced two sets of documents responsive to Plaintiffs' RFPs in the preceding 28 days. The first contained ESI documents that hit on the named plaintiff names and related named plaintiff search terms (RFP 2). It also contained requested data from the transfer portal for the USF men's baseball team and then additional data from all other Division I baseball teams and roster size data for those teams (RFP 30). The first more recent production also contained documents that hit on the USF coaches' names and related USF coach search terms (RFP 3). The second more recent production included further documents hitting on the USF coaches' names and related USF coach search terms (RFP 3). The NCAA anticipates it will make a fourth installment of its production by the end of this week, and that production will include several hundred documents hitting on the named plaintiff names and related search terms (RFP 2).

**NCAA's RFPs**

Plaintiffs substantially completed collecting ESI and have been testing search terms on that ESI. Plaintiffs shared preliminary hit counts for all search terms (i.e., all search terms proposed by Plaintiffs and all additional terms requested by the NCAA) for twelve of the fourteen Plaintiffs on January 8, 2024. During a telephonic meet and confer on the same day, the Parties discussed Plaintiffs' asserted need to narrow the current set of search terms to target relevant information, Plaintiffs agreed to make a proposal for such narrowing, and the Parties agreed to continue to meet and confer regarding the anticipated narrowed search terms.

Plaintiffs also served objections and responses to the NCAA's Second Set of Requests for Production of Documents to Plaintiffs on January 8, 2024.

-3-

*2.     A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.*

**Parties' Statement:** The Parties continue to actively meet and confer regarding their respective responses to each other's requests for production of documents and related ESI search terms.

**Production of NCAA ESI**

The Parties have been negotiating search terms for NCAA ESI. They have reached agreement on many, and there are some that remain under negotiation with the NCAA sharing hit counts and custodians and Plaintiffs evaluating those. For search terms related to the named plaintiffs and USF coaches (for RFPs 2-3), Plaintiffs provided their response to the NCAA's most recent proposal on Thursday, January 4, 2024; the NCAA tested Plaintiffs' further suggested variations and anticipates responding to Plaintiffs' proposal today; and Plaintiffs will consider the NCAA's revisions once they are received.[1] For search terms related to RFP 4, which seek documents related to USF, on January 5, the NCAA agreed to certain proposed search terms and shared hit counts for those search terms, and also proposed custodians for this RFP. Also on January 5, the NCAA shared the search terms and custodians it proposes to use for RFPs 6-8 regarding complaints about sexual misconduct by athletics personnel towards student athletes. Plaintiffs are evaluating those proposals and will suggest any additions or expansions to supplement the terms proposed. In the meantime, the NCAA is going to proceed with document

---

[1] The NCAA proceeded to review documents hitting on its initial list of proposed search terms for RFPs 2-3 while the Parties were negotiating any additions, and the NCAA has already made two rolling productions of responsive documents and anticipates making another this week.

review for the documents hitting on its proposed search terms and can supplement that review with additional documents hitting on any agreed upon additional terms.

**Production of Plaintiffs' ESI**

The Parties are also continuing to meet and confer regarding use of search terms by Plaintiffs for their review of ESI, including regarding methods to address the NCAA's concern that the use of search terms on certain categories of documents (e.g., texts, chat messages, and social media posts) will exclude a disproportionate number of responsive documents from human review in relevant time periods. Specifically, the NCAA is concerned that for certain types of communications on topics related to emotional distress, the communications may not contain traditionally spelled or formally written text and thus search terms will not flag responsive ESI for review and production. The Parties continue to meet and confer about this concern. Plaintiffs also confirmed for the NCAA on January 8 that the current version of their discovery server (Relativity Server 2021) does not enable them to search for emojis, which the NCAA argues may reflect responsive information particularly related to the Plaintiffs' emotional distress claims. The Parties continue to meet and confer to address this concern.

As set forth above, Plaintiffs shared preliminary hit counts for all search terms (i.e., all search terms proposed by Plaintiffs and all additional terms requested by the NCAA) on January 8, 2024. The Parties continue to meet and confer regarding a narrowing that will address excessive hit counts reflected in that report.

**Production of NCAA Documents Related to Policies and Penalties**

As to NCAA documents that would support Plaintiffs' RFPs 9-17, 21, and 23-25, the Parties explored the possibility of stipulating to certain facts related to the NCAA's rules, policies, and codes of conduct and how it enforces them in lieu of taking discovery into those facts, but the Parties were unable to reach agreement through this avenue of meet and confer.

The Parties' meet and confer now focuses on trying to define what NCAA policies, rules and codes of conduct would be responsive. Specifically, on Thursday, December 21, Plaintiffs proposed what Plaintiffs stated were narrowed versions of RFPs 9-12 and offered to withdraw RFPs 13, 15, 16, 21, 23, and 24, provided the NCAA is willing to make a comprehensive production responsive to Plaintiffs' reframed RFPs. The NCAA responded to that proposal on Tuesday night, January 2, and Plaintiffs responded further on Friday night, January 5. The NCAA is evaluating Plaintiffs' most recent proposal. The Parties will continue to meet and confer on these RFPs and provide a further update or summary of any remaining disputes at the February status conference. To date:

- The NCAA has agreed to produce responsive documents, if any exist, for the following categories of NCAA policies, rules, or codes of conduct: (4)[2] Entry of student-athletes in the transfer portal, (5) sexual harassment and/or sexual abuse of student-athletes by athletics department personnel, (6) reporting and tracking complaints of sexual harassment and/or sexual abuse of student-athletes by athletics department personnel, member institutions, conferences, Divisions or the NCAA, (7) romantic or sexual relationships between athletics department personnel and student-athletes, (8) training regarding romantic or sexual relationships between athletics department personnel and student-athletes, (9) grooming and other sexually exploitative behavior by athletics department personnel of student-athletes, and (10) training regarding grooming and other sexually exploitative behavior by athletics department personnel of student-athletes. Plaintiffs object to the limited time period that the NCAA has proposed for items 8, 10, consistent with the motion to compel that this Court has authorized Plaintiffs to file.

- The Parties are still meeting and conferring regarding Plaintiffs' request that the NCAA produce policies, rules, and conducts of conduct for the following categories: (1) running off or causing student-athletes to leave teams, (2) running off or causing student-athletes to relinquish their roster spot, (3) running off or causing student-athletes to relinquish scholarships, (4) running off student-athletes to enter the transfer portal, (11) National Letter of Intent, (12) Student Athlete Statement, (13) Grants in Aid, (14) protecting student-athlete physical and educational well-being, (15) protecting health and/or safety of student-athletes, (16) establishing and/or maintaining a positive relationship between student-athletes and coaches, and (17) establishing and/or maintaining an environment in which a student-athlete's activities are conducted as an integral part of the student-athlete's educational experience.

---

[2] The numbers correspond to categories the Parties have been using in meet and confer correspondence.

The Parties are also continuing to meet and confer over Plaintiffs' requests for documents related to penalties the NCAA imposed on student athletes, athletics personnel, or member institutions. Similarly, most recently, Plaintiffs' made what they believed was a narrowing proposal on Thursday, December 21, to which the NCAA responded on Tuesday night, January 2, and Plaintiffs further responded on Friday night, January 5. The Parties will continue to meet and confer on these and provide a further update or summary of any remaining disputes at the February status conference. To date:

- The NCAA has agreed to produce responsive documents, if any exist, for the following categories of penalties from August 2019 to the present: (10) sexual harassment and/or sexual abuse of student-athletes by athletics department personnel, (11) romantic or sexual relationships between athletics department personnel and student-athletes, and (12) grooming and other sexually exploitative behavior by athletics department personnel of student-athletes.

- The Parties continue to meet and confer about Plaintiffs' request that the NCAA produce a sample of penalties for the following categories: (1) eligibility violations; (2) amateurism violations; (3) recruiting or scouting violations; (4) coaching violations; (5) tobacco use; (6) drug use; (7) unethical conduct; (8) unsportsmanlike conduct; and (9) improper use of the NCAA name.

- The Parties also continue to meet and confer about Plaintiffs' request that the NCAA produce all penalties for the following categories: (13) violations related to NLIs; (14) violations related to Student-Athlete Statements; (18) violations related to Grant-in-Aid Agreements; (19) failure to protect student-athlete physical and educational well-being; (20) failure to protect health and/or safety of student-athletes; (21) failure to establish and/or maintain a positive relationship between student-athletes and coaches; and (22) failure to establish and/or maintain an environment in which a student-athlete's activities are conducted as an integral part of the student-athlete's educational experience.

**Supplemental Initial Disclosure from Plaintiffs Related to Medical Providers**

On December 5, 2023, counsel for the NCAA informed Plaintiffs' counsel of its intent to serve subpoenas on Plaintiffs' medical providers, counselors, and therapists who may have knowledge of the events alleged in the Complaint and specifically the alleged damages. On the same day, the NCAA requested Plaintiffs identify by name these medical providers, counselors and therapists since names and contact information were not provided in the Plaintiffs' initial

disclosures; they were only identified as a category. Plaintiffs confirmed that they will serve amended disclosures reflecting this information no later than the end of this week.

**HIPAA and FERPA Release Forms**

On December 7, 2023, following a negotiation, the Parties reached agreement on HIPAA and FERPA release forms for Plaintiffs' medical providers that the NCAA could provide with the subpoenas outlined above. Plaintiffs confirmed that they will provided signed copies of both forms no later than the end of this week.

**Supplemental Initial Disclosure from Plaintiffs Related to Their Parents**

On December 5, 2023, counsel for the NCAA informed Plaintiffs' counsel of its intent to serve subpoenas on Plaintiffs' parents who are identified by category, not by specific names, in Plaintiffs' initial disclosures as having knowledge of the events alleged in the Complaint. The NCAA asked for identification of which parents have this knowledge. Plaintiffs confirmed that they will serve amended disclosures reflecting this information no later than the end of this week. Plaintiffs also confirmed that they represent all parents who will be identified in the amended disclosures and are authorized to accept service of any subpoenas.

**Second Set of RFPs from NCAA**

On December 7, 2023, the NCAA served a second set of Requests for Production of Documents on Plaintiffs, and on January 8, 2024, Plaintiffs served their responses and objections to these Requests. The NCAA will meet and confer with Plaintiffs over their objections.

**Subpoena from NCAA on USF**

On December 8, 2023, the NCAA served a Subpoena to Produce Documents on the University of San Francisco ("USF"). USF's responses are due January 29, 2024.

**Counsel Responsible**

Counsel responsible for negotiations on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

3. *A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.*

**Parties' Statement:**

**Plaintiffs' RFPs**

*Temporal Scope*. As summarized at the last status conference statement, for some of the NCAA's responses to Plaintiffs' RFPs, the NCAA has imposed a temporal limit of August 2019 to the present. The Court previously authorized a motion to compel on this dispute. The Parties are meeting and conferring on a briefing schedule for this motion, which they will submit to the Court in advance of the upcoming status conference.

**NCAA's RFPs**

*Social Media*. As summarized at the last status conference statement, Plaintiffs refused to produce certain responsive documents from social media related to Plaintiffs' emotion, feeling, or mental state. The Court previously authorized a motion to compel on this dispute. The NCAA intends to file such a motion but had been waiting to see what, if any, social media Plaintiffs produce on other topics if such a production is available in a time frame that makes sense given the discovery schedule.

Counsel responsible for discovery disputes pending and negotiating a resolution of these disputes on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva,

Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

*4.  A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.*

**Parties' Statement:**  Within the next 28-day period, the Parties expect to continue their relevance and privilege reviews of client ESI to be produced to the opposing party, as well as continue their review of opposing party document productions. Plaintiffs also anticipate serving their Second Set of Requests for Production of Documents on the NCAA in the next twenty-eight day period.  Plaintiffs also anticipate making at least one, if not more, rolling document productions in the next twenty-eight days, consisting of Plaintiffs' responsive ESI. The NCAA anticipates that it will make at least two further ESI document productions, if not more, in the next twenty-eight days.

Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

*5.  A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.*

**Parties' Statement:**  The Parties anticipate completing discovery according to the schedule set forth in the Court's Case Management Order (ECF No. 50), and specifically:

> All discovery relating to class certification issues, including class certification expert witness discovery, shall be completed by **May 29, 2024**. All discovery relating to liability issues, including liability expert witness discovery, shall be completed by **August 16, 2024**. All remaining discovery shall be completed by **January 17, 2025**.

**Plaintiffs' Statement:** Plaintiffs are continuing to evaluate whether additional written discovery to the NCAA is appropriate. Plaintiffs will begin scheduling depositions after substantial document and data production have been provided. The attorneys responsible for completing such discovery are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

**The NCAA's Statement:** The NCAA anticipates serving document subpoenas on Plaintiffs' medical providers once Plaintiffs provide the requested contact information in their supplemental initial disclosures and sign the agreed upon FERPA and HIPAA authorizations. In addition, the NCAA anticipates serving document subpoenas on Plaintiffs' parents once Plaintiffs identify which of their parents have discoverable information in their supplemental initial disclosures. The NCAA continues to evaluate whether there is additional third party or written discovery that it should serve. The attorneys responsible for completing this discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford.

6. *Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any delays in the completion of discovery in this matter.*

**Parties' Statement:** The Parties do not presently have any additional discovery issues that require the Court's attention.

DATED: January 8, 2024                    By:     */s/ Carolyn Hoecker Luedtke*

                                              Carolyn Hoecker Luedtke (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077
Email:   Carolyn.Luedtke@mto.com

        Hailyn J. Chen (*pro hac vice*)
        Ariel T. Teshuva (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        350 South Grand Avenue, Fiftieth Floor
        Los Angeles, California 90071-3426
        Telephone:   (213) 683-9100
        Facsimile:    (213) 687-3702
        Email:   Hailyn.Chen@mto.com
                   Ariel.Teshuva@mto.com

        Kathleen Foley (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        601 Massachusetts Ave NW, Ste. 850
        Washington, District of Columbia 20001-5369
        Telephone:   (202) 220-1137
        Facsimile:    (202) 220-2300
        Email:   Kathleen.Foley@mto.com

        Andrea Roberts Pierson
        Nicholas B. Alford
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 N. Meridian Street, Suite 2500
        Indianapolis, Indiana 46204
        Telephone:   (317) 237-1424
        Facsimile:    (317) 237-1000
        Email:   andrea.pierson@faegredrinker.com
                 nicholas.alford@faegredrinker.com

        *Attorneys for Defendant The National Collegiate Athletic Association*

DATED: January 8, 2024      By:   */s/ Michelle A. Lamy*

        Elizabeth A. Fegan (*pro hac vice*)
        beth@feganscott.com
        Paige L. Smith (*pro hac vice*)
        paige@feganscott.com
        FEGAN SCOTT LLC
        150 S. Wacker Drive, 24th Floor
        Chicago, IL 60606
        Telephone: (312) 741-1019
        Facsimile: (312) 264-0100

Lynn A. Ellenberger (*pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

Jonathan D. Selbin (*pro hac vice*)
jselbin@lchb.com
Jessica A. Moldovan (*pro hac vice*)
jmoldovan@lchb.com
LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9508

Michelle A. Lamy (*pro hac vice*)
mlamy@lchb.com
LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Lynn A. Toops, No. 26386-49
ltoops@cohenandmalad.com
Arend J. Abel, No. 10763-49
aabel@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593

*Attorneys for Plaintiffs and the Proposed Class*

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system. Parties may access this filing through the Court's system.

/s/ Michelle A. Lamy