UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-00542-SEB-MJD |

**THE NCAA'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE THE FIRST AMENDED COMPLAINT**

The NCAA has moved to dismiss and/or strike Plaintiffs' First Amended Complaint, Dkt. 41 ("FAC"), on grounds of, *inter alia*, its failure to state a claim for breach of contract, Dkt. 55 ("NCAA Motion" or "NCAA Mot."). A recent decision by the Northern District of California, in a case by these same Plaintiffs asserting parallel claims, supports the NCAA's position.[1]

I.   **Background**

The instant suit originated in the Northern District of California, where Does 1–3 filed a complaint against the NCAA, USF, and the Coach Defendants. *See* FAC ¶ 6. Plaintiffs then amended their complaint, adding Does 4–12. *See id.* After the Northern District of California

---

[1] The decision—Order Granting Mot. to Dismiss, *Doe 1 v. Nat'l Collegiate Athletic Ass'n*, No. 3:22-CV-01559-LB (N.D. Cal. Dec. 1, 2023), ECF No. 149 ("*USF*")—is attached to this Notice.

1

granted the NCAA's motion to dismiss Plaintiffs' claims against the NCAA for lack of personal jurisdiction, *see id.*, Plaintiffs filed the instant suit against the NCAA.

As the parallel litigation in the Northern District of California has proceeded against USF and the Coach Defendants, almost all of the claims Plaintiffs assert here against the NCAA have been dismissed as against USF and the Coach Defendants. As explained in the NCAA Motion, Judge Beeler held that neither the discovery rule nor tolling doctrines suspended the statutes of limitations, and that all of the tort claims by Does 4–12 were time-barred. *See* NCAA Mot. at 1. And as discussed in the Reply in support of the NCAA Motion, after Plaintiffs amended their complaint against USF and the Coach Defendants to add Does 13 and 14, to reassert their tort claims, and to add breach-of-contract claims, Judge Beeler again dismissed all of Does 4–14's tort claims as time-barred, *see* Dkt. 73 at 8, 10, and held that Plaintiffs were not the intended beneficiaries of any contract between the NCAA and USF. *See id.* at 25; *see also* NCAA Mot. at 11–21 (all of Does 4–14's claims sound in tort and are time-barred), 39–40 (Plaintiffs are not third-party beneficiaries of any contract between the NCAA and member institutions). Judge Beeler was initially unable to consider the substance of Plaintiffs' claims for breach of contract and breach of oral contract because Plaintiffs had attached the wrong alleged contract to their second amended complaint. *See Doe 1 v. Univ. of S.F.*, No. 3:22-CV-01559-LB, 2023 WL 5021811, at *13 (N.D. Cal. Aug. 4, 2023).

## II. Supplemental Authority

On December 1, 2023, after Plaintiffs amended their complaint a third time and attached the correct alleged contracts, Judge Beeler dismissed all the contract claims with prejudice, holding that neither the National Letter of Intent nor the Student-Athlete Statement incorporates any "rules addressing student health and safety." *USF* at 3, 5; *see* NCAA Mot. at 35–39 (Plaintiffs' breach-of-contract claims, which are premised on the National Letter of Intent and the Student-Athlete

2

Statement, fail). Judge Beeler also reaffirmed that "there was no intent to benefit the [P]laintiffs" in any alleged contract between the NCAA and USF. *USF* at 5; *see* NCAA Mot. at 39–40.

The NCAA respectfully submits that the reasoning underlying Judge Beeler's dismissal of the contract claims, like that underlying her dismissal of the tort claims, applies to Plaintiffs' claims here based on those same National Letters of Intent and Student-Athlete Statements, and counsels in favor of granting the NCAA's Motion to Dismiss and/or Strike the First Amended Complaint as to Causes of Action I, II, and III.

### III. Conclusion

The NCAA respectfully requests that the Court grant the NCAA's Motion to Dismiss and/or Strike the First Amended Complaint on grounds of, *inter alia*, failure to state a claim.

Dated: January 19, 2024     MUNGER, TOLLES & OLSON LLP

By:   */s/ Carolyn Hoecker Luedtke*
CAROLYN HOECKER LUEDTKE
*(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077
Email: Carolyn.Luedtke@mto.com

HAILYN J. CHEN
*(pro hac vice)*
ARIEL T. TESHUVA
*(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
Email: Hailyn.Chen@mto.com
       Ariel.Teshuva@mto.com

KATHLEEN FOLEY
*(pro hac vice)*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
Telephone:     (202) 220-1100
Facsimile:      (202) 220-2300
Email: Kathleen.Foley@mto.com

ANDREA ROBERTS PIERSON
NICHOLAS B. ALFORD
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone:     (317) 237-1424
Facsimile:      (317) 237-1000
Email: andrea.pierson@faegredrinker.com
         nicholas.alford@faegredrinker.com

*Attorneys for Defendant National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024 a copy of the foregoing **THE NCAA'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE THE FIRST AMENDED COMPLAINT** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

          */s/ Carolyn Hoecker Luedtke*
          Carolyn H. Luedtke