UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>        Defendant. | Case No. 1:23-cv-00542-SEB-MJD<br><br>Judge:   Hon. Sarah Evans Barker |

## SIXTH SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY

Pursuant to the Court's Scheduling Order (ECF No. 93), Plaintiffs John Does 1-14 ("Plaintiffs") and the National Collegiate Athletic Association ("Defendant" or "NCAA") (collectively, "the Parties"), by counsel, respectfully submit this Sixth Supplemental Joint Report on the Status of Discovery in advance of the February 8, 2024 status conference:

1. **A detailed description of all discovery completed within the preceding 28 days.**

**Plaintiffs' Position on Discovery They Have Completed**

*Plaintiffs' Supplemental Disclosures.* On January 12, 2024, Plaintiffs submitted supplemental disclosures in which they identified all medical providers, counselors, and therapists for John Does 1-14 who may have knowledge of the events alleged in the complaint, as well as the family members of John Does 1-14 who are represented by Plaintiffs' counsel.

*Plaintiffs' HIPAA & FERPA Releases.* On January 12, 2024, Plaintiffs submitted

signed HIPAA and FERPA release forms for Plaintiffs' medical providers.

*Plaintiffs' Document Productions.* By February 6, 2024, Plaintiffs will have completed production of documents collected through manual searches. In addition to an initial production on November 13, 2023, Plaintiffs will either today (February 5, 2024), and no later than tomorrow (February 6, 2024), produce a second set of manually collected documents, consisting of additional documents related to their academic and baseball careers, as well as documents regarding the misconduct alleged in the complaint.

*Third Party Subpoenas.* On January 25, 2024, Plaintiffs served a third-party subpoena on the College Commissioners Association, which has involvement in the National Letter of Intent. Counsel for Plaintiffs also represent the 21 family members to whom the NCAA issued third-party subpoenas, and will be responding to those subpoenas tomorrow (February 6, 2024).

*Further Written Discovery.* On February 5, 2024, Plaintiffs issued their First Set of Interrogatories to the NCAA. The NCAA's responses are due on March 6, 2024. On February 5, 2024, Plaintiffs also issued Requests for Admission to the NCAA. In light of the Court's statement at the January 10, 2024 status conference that the Court will permit Plaintiffs to serve Requests for Admission above the default limit of 25 in this District, Plaintiffs served a total of 41 Requests for Admission. The NCAA's responses are due on March 6, 2024.

**NCAA's Position on Discovery It Has Completed**

*Responses to Plaintiffs' RFPs*. The NCAA has continued to review and produce ESI responsive to Plaintiffs' RFPs and that hit upon agreed upon search terms. To date, the NCAA has made five rolling productions, with a total of 71,099 pages of documents, including one in the last 28 days. On January 29, 2024, the NCAA produced 27,855 pages of documents that were previously produced in *Manassa v. National Collegiate Athletic Ass'n*, No. 1:20-cv-03172-RLY-MJD, which the NCAA believes are sufficient to show the agreement between the NCAA and the Collegiate Commissioners Association regarding the administration of the National Letter of Intent (NLI) program. The five productions to date also have included ESI that hit on

agreed upon search terms related to the named Plaintiffs, the USF baseball coaches, and USF as well as NCAA policies including those related to sexual misconduct.

*Third Party Subpoenas*

*Plaintiffs' Medical Providers and Parents*.  Following Plaintiffs' service of supplemental initial disclosures on January 12, 2024, the NCAA served 29 third-party subpoenas for documents on Plaintiffs' medical providers and 21 third-party subpoenas on Plaintiffs' parents.  The response dates for those subpoenas begin to come due tomorrow, on February 6, 2024.

*USF*.  On January 19, 2024, USF objected to aspects of the NCAA's document subpoena.  The NCAA is meeting and conferring with USF to try to resolve those objections.

*Further Written Discovery*.  On January 12, 2024, the NCAA served its first set of special interrogatories on Plaintiffs.  Plaintiffs' responses are due February 12, 2024.  On January 16, 2024, the NCAA served a third set of RFPs on Plaintiffs.  These RFPs seek documents related to Plaintiffs' asserted damages.  Plaintiffs' responses are due on February 15, 2024.

**2.     A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

*Motions to Compel*.  The parties submitted briefing on their respective motions to compel on January 16, 2024 (motions), January 29, 2024 (oppositions), and February 5, 2024 (replies).  Those motions to compel are scheduled to be heard on February 8, 2024.

*Depositions*.  There are currently no depositions scheduled.

*Written Discovery*.  Deadlines for pending Requests for Production, Interrogatories, RFAs, and third party subpoenas are outlined above.

*Meet and Confer*.  There are various ongoing meet and confer between the parties regarding both parties' review and production of documents responsive to the Plaintiffs' First Set of RFPs and the NCAA's First and Second Set of RFPs.

*Counsel Responsible.*  Counsel responsible for the matters above on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

**3.     A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute**.

The parties have two motions to compel pending before the Court for argument on February 8, 2024.  In addition to those, the following is a summary of the discovery disputes presently pending including the status of resolution of the dispute.

**Plaintiffs' Summary of Any Discovery Disputes Presently Pending.**

*NCAA's Custodians*.  The Parties have been negotiating search terms and custodians for NCAA ESI.  They have reached agreement on search terms.  As to custodians, on January 19, 2024, Plaintiffs proposed an additional set of custodians.  On January 25, 2024, the NCAA stated that it was reviewing Plaintiffs' proposal and would "get back to [Plaintiffs] on those" additional custodians.  To date, the NCAA has not responded to that proposal.

*Plaintiffs' ESI*.  Plaintiffs continue to collect and process their ESI.  As of this writing, Plaintiffs have collected 5,609,061 documents from their various electronic sources.  Plaintiffs believe that all Plaintiff ESI is now uploaded, except a Facebook account for John Doe 6, which will be uploaded no later than tomorrow.

Plaintiffs do not believe there is any basis for the NCAA's forthcoming motion "to compel Plaintiffs to produce all ESI," because Plaintiffs have never objected to the production of their ESI. To the contrary, Plaintiffs have (at great expense) collected effectively their entire electronic lives, notwithstanding the proportionality and relevance issues raised by the NCAA's requests and the breadth of this collection. Plaintiffs' plan regarding production of this ESI has been clear since Plaintiffs provided proposed search terms to the NCAA on November 10, 2023. Plaintiffs propose: (1) using search terms to cull Plaintiffs' ESI; (2) reviewing all documents that hit upon those search terms; and (3) producing responsive documents.

Consistently since Plaintiffs made that proposal on November 10, 2023—including in this very statement—the NCAA has objected to Plaintiffs' use of search terms to cull their ESI. To date, the NCAA has still not agreed that Plaintiffs can begin culling their ESI and reviewing responsive documents that hit upon search terms. In other words, execution of Plaintiffs' ESI proposal is hindered by the NCAA's refusal to agree that Plaintiffs' proposal is appropriate. If the NCAA's position is that Plaintiffs need to do an eyes-on review of the nearly 6 million electronic documents in their possession for potentially responsive information, then the parties are indeed at impasse and the NCAA should move to compel. Plaintiffs continue to maintain that a search term-based review of ESI—which is exactly the approach the NCAA is taking as to its own ESI—is no less appropriate for Plaintiffs than it is for the NCAA.

If the NCAA is going to continue insisting upon a linear review of Plaintiffs' ESI (or any other method of review that must be considered in assessing proportionality), then the utility of negotiating down the search term-based review to something proportional remains unclear. Plaintiffs have nevertheless continued working diligently to complete their ESI upload and provide the NCAA with complete and accurate hit counts for use in the event the NCAA accepts

Plaintiffs' proposal of using search terms. To that end: Plaintiffs ESI collection was substantially complete (with the exception of the sole Facebook account for Doe 6) on January 23, 2024. On February 2, 2024, Plaintiffs informed the NCAA of an issue with how Plaintiffs' text messages were collected by their ESI vendor, which has prevented Plaintiffs from analyzing those text messages in 24-hour chunks (as previously agreed upon by the Parties). Plaintiffs are still investigating the issue, but advised the NCAA on February 5, 2024 that they had found a solution for a substantial portion (if not all) of the text messages, and should be able to provide final hit counts to the NCAA in the very short term.

      Contrary to the NCAA's assertions, Plaintiffs have been forthcoming about the burden associated with responding to the NCAA's document requests, including by providing document and hit counts as soon as they become available. For example, Plaintiffs advised the NCAA that they collectively possess 377,798 image files, and explained in written correspondence to the NCAA that manual review of these files would not only be overly burdensome, but impossible to execute, as, in the NCAA's view, truly any photograph could be said to "bear upon" a person's mental state. The NCAA has known this is Plaintiffs' position with respect to photographs since at least December 8, 2023. The only reason the NCAA has identified for needing these photographs is to undercut Plaintiffs' emotional distress damages. But the NCAA is already receiving copies of the Plaintiffs' medical records, and will receive responsive ESI on this topic (to the extent the NCAA finally agrees that using search terms to cull Plaintiffs' ESI is appropriate). And to the extent the NCAA believes that additional information about a Doe's ability to "perform[] [the] daily activities of life," is relevant to their emotional distress damages, then the NCAA will be free to question each Doe about this at his deposition. As Plaintiffs communicated to the NCAA, it is difficult to understand why the NCAA believes it needs more

than this just for the purpose of undercutting emotional distress damages, and it seems increasingly likely that the NCAA's true aim is to inundate Plaintiffs and their counsel with burdensome and invasive discovery.

**NCAA's Summary of Any Discovery Disputes Presently Pending**

*NCAA's Custodians*. The Parties have reached agreement on the search terms for the NCAA's review of ESI. The NCAA is in the process of reviewing the ESI that hit on those search terms for custodians it identified and disclosed as having relevant non-duplicative information, and the NCAA has been producing documents on a rolling basis. Plaintiffs proposed a list of additional custodians that had not been identified by the NCAA as custodians with relevant, nonduplicative information. They appear to be a list of the custodians from the *Manassa* litigation. The NCAA asked today why Plaintiffs believe those custodians should be added, and have not yet received a response. The parties will continue to meet and confer to understand why Plaintiffs believe the additional custodians are appropriate.

*Production by Plaintiffs of ESI Responsive to NCAA's First and Second Set of RFPs.* More than five months after receiving the NCAA's First Set of Requests for Production, Plaintiffs have not produced a single document from their ESI. The NCAA has raised the problem with social media in the pending motion to compel, but the problem is broader. Plaintiffs appear to be unable to review and produce responsive ESI of any kind – the problem extends to email, texts, instant messages, photographs, documents, electronic diaries, anything in their possession that is electronic. Again, they have produced *nothing* to date from ESI and their only production to date is a little over 100 manually collected documents.[1] Plaintiffs suggest

---

[1] Plaintiffs' statement above states that they have produced a second production of documents today or tomorrow. As of the NCAA writing this insert to the joint statement at 9:45 pm eastern, nothing has been produced today.

above that the problem is because the NCAA has not agreed that they can rely on search terms, but that is misleading. In Plaintiffs' communication today with the NCAA, Plaintiffs state that they are *still working on* creating a revised search term proposal – so Plaintiffs are not waiting on the NCAA's agreement; rather, Plaintiffs lack a plan for proceeding.

Mindful of the Court's instruction at the January 10 discovery conference to try to bring meet and confer to a close and move forward if disputes could not be resolved, the NCAA plans to bring a motion to compel Plaintiffs to produce all ESI responsive to all of the NCAA's First and Second Set of Requests for Production. With the Court's permission, the NCAA plans to file that motion by the end of the week. As with the social media motion to compel pending before the Court, Plaintiffs have proposed search terms, but then have stated that their own search terms are overbroad and need to be revised. Today they informed the NCAA that they are still working on running search terms and they do not have hit counts for the undisclosed set of revised search terms they are considering. Moreover, the NCAA has repeatedly expressed concern that search terms cannot be the sole means Plaintiffs use to identify responsive ESI given the nature of the allegations and claims and the manner in which Plaintiffs likely communicate. The NCAA has asked Plaintiffs how they will be reviewing texts, instant messages, email, and other electronic documents for emojis, slang, or other communications likely to exist given the Plaintiffs' allegations that are not suitable to identification by text based search terms, and Plaintiffs have no explanation except to say that they plan to rely exclusively on search terms. Similarly, the NCAA has asked Plaintiffs how they will be reviewing photographs, again not suitable to identification by text-based search terms, and Plaintiffs seem to suggest they will not be reviewing photographs for responsive documents. Contrary to Plaintiffs' assertions, the NCAA is not insisting on a linear review of every electronic document

in Plaintiffs' possession.  The NCAA has simply asked Plaintiffs to propose a review plan that addresses the NCAA's concerns with the limitations of a search term approach, which Plaintiffs are apparently simply unwilling to do.  The choice is not the use of search terms exclusively versus a manual review of everything.  The NCAA has asked Plaintiff to come up with a reasonable plan for using search terms, and in addition, identifying categories of responsive documents through other means, such as interviewing their clients, doing a focused review of relevant time periods, and/or narrowing their broad allegations to more pinpointed allegations and then tailoring "go get" productions for those allegations.  The NCAA has repeatedly asked whether Plaintiffs could propose such a plan, and Plaintiffs have declined.

The NCAA has asked for specific information on burden, such as what accounts for which Plaintiffs have the allegedly voluminous information, and Plaintiffs have provided no information as of the filing of this statement.  Further, Plaintiffs state above that they believe they have collected 5,609,061 documents from various electronic sources.  However, Plaintiffs have yet to explain whether they utilized any of the methods for processing social media outlined by the NCAA in its emails to them and the declaration filed with the NCAA's reply in support of its motion to compel; and earlier today, Plaintiffs told the NCAA by email that they will need to reprocess a substantial portion of their ESI to use the standard "Relativity Short Form Message" format that can, for example, group text messages sent on the same day into 24-hour chunks.  It is therefore unclear to the NCAA whether this approximately 5 million document number is

accurate and represents a meaningful amount of documents that would actually need to be reviewed.

Unfortunately, given the close of May fact discovery cut off for class certification issues, and given that Plaintiffs have produced no ESI and have no plan or timeline for doing so, the NCAA needs the Court's assistance in determining a plan and providing a deadline.

Counsel responsible for discovery disputes pending anon behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

## 4. **A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Plaintiffs' Statement:** To the extent the NCAA adopts Plaintiffs' proposed methodology for production of ESI, Plaintiffs can begin their rolling production of documents responsive to the NCAA's First Set of RFPs within the next 28-day period. Plaintiffs also anticipate serving their Second Set of Requests for Production of Documents on the NCAA in the next twenty-eight day period.

**NCAA's Statement**: The NCAA does not know what "Plaintiffs' proposed methodology for production of Plaintiffs' ESI" referenced above is. Plaintiffs have stated that their search terms have returned too many hits in their view, and they have had processing problems with running search terms. Plaintiffs have stated that they are working on a revised search term proposal, but have not made that proposal. Plaintiffs need not wait on the NCAA to begin review of ESI once they figure out a proposal. If the Court grants the NCAA's anticipated motion to compel production of ESI not limited by search terms, then that would be a review and

production on top of the review and production for search terms so that need not hold up Plaintiffs starting review production for their own search terms.

For the NCAA's own production, within the next 28-day period, the NCAA anticipates that it will continue its rolling production of documents responsive to Plaintiffs' First Set of RFPs. The NCAA also anticipates that it will seek to begin scheduling depositions of Plaintiffs, Plaintiffs' parents, and medical providers, if necessary, after the NCAA hopefully receives document productions from Plaintiffs and third parties.

Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

**5.    A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Parties' Statement:**  The following is the discovery schedule set forth in the Court's Case Management Order (ECF No. 50):

> All discovery relating to class certification issues, including class certification expert witness discovery, shall be completed by **May 29, 2024**. All discovery relating to liability issues, including liability expert witness discovery, shall be completed by **August 16, 2024**. All remaining discovery shall be completed by **January 17, 2025**.

**Plaintiffs' Statement:**  Plaintiffs note that resolution of discovery has been hindered not only by the NCAA's overbroad existing discovery requests, but also by the substantial volume of discovery the NCAA has served since the January 10, 2024 status conference. In addition to the special interrogatories and third set of document requests served on Plaintiffs themselves, the NCAA served 21 subpoenas on Plaintiffs' family members and has indicated an intent to seek

depositions of these family members as well. The NCAA also refuses to collaborate with Plaintiffs on a reasonable search methodology, and has instead stated it will move to the compel the production of ESI, presumably with a request that Plaintiffs conduct a linear review of nearly six million documents—not pages, documents—most of which will have little, if any, relevance. These disputes, and the NCAA's approach, may delay the resolution of discovery.

The attorneys responsible for completing such discovery are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

**The NCAA's Statement:** The NCAA disagrees with the statement above. The NCAA has met and conferred at length with Plaintiffs on the production of their ESI. To date, Plaintiffs have not proposed a reasonable search methodology and appear to be still trying to design one. Any delay in reviewing and producing documents by Plaintiffs is not the NCAA's responsibility. For the NCAA's own discovery, the NCAA anticipates following up on any document subpoenas on Plaintiffs' medical providers, USF, and Plaintiffs' parents if responses are not timely received. The NCAA continues to evaluate whether there is additional third party or written discovery that it should serve and receiving Plaintiffs' document production will aid in that analysis. The NCAA is also analyzing what additional interrogatories or RFAs would be appropriate to serve, and after it receives Plaintiffs' responses to the First Set of Interrogatories on February 12, it will evaluate whether further interrogatories or RFAs are appropriate. The attorneys responsible for completing this discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford.

6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any delays in the completion of discovery in this matter.**

**Parties' Statement:** The Parties do not presently have any additional discovery issues that require the Court's attention.

DATED: February 5, 2024          By:     */s/ Carolyn Hoecker Luedtke*

        Carolyn Hoecker Luedtke (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        560 Mission Street, Twenty-Seventh Floor
        San Francisco, California 94105-3089
        Telephone:      (415) 512-4000
        Facsimile:      (415) 512-4077
        Email:   Carolyn.Luedtke@mto.com

        Hailyn J. Chen (*pro hac vice*)
        Ariel T. Teshuva (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        350 South Grand Avenue, Fiftieth Floor
        Los Angeles, California 90071-3426
        Telephone:      (213) 683-9100
        Facsimile:      (213) 687-3702
        Email:   Hailyn.Chen@mto.com
                Ariel.Teshuva@mto.com

        Kathleen Foley (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        601 Massachusetts Ave NW, Ste. 850
        Washington, District of Columbia 20001-5369
        Telephone:      (202) 220-1137
        Facsimile:      (202) 220-2300
        Email:   Kathleen.Foley@mto.com

        Andrea Roberts Pierson
        Nicholas B. Alford
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 N. Meridian Street, Suite 2500
        Indianapolis, Indiana  46204
        Telephone:      (317) 237-1424
        Facsimile:      (317) 237-1000
        Email:   andrea.pierson@faegredrinker.com
                nicholas.alford@faegredrinker.com

        *Attorneys for Defendant The National Collegiate Athletic Association*

DATED: February 5, 2024      By:      /s/ Michelle A. Lamy

    Elizabeth A. Fegan (*pro hac vice*)
    beth@feganscott.com
    Paige L. Smith (*pro hac vice*)
    paige@feganscott.com
    FEGAN SCOTT LLC
    150 S. Wacker Drive, 24th Floor
    Chicago, IL 60606
    Telephone: (312) 741-1019
    Facsimile: (312) 264-0100

    Lynn A. Ellenberger (*pro hac vice*)
    lynn@feganscott.com
    FEGAN SCOTT LLC
    500 Grant Street, Suite 2900
    Pittsburgh, PA 15219
    Telephone: (412) 346-4104
    Facsimile: (312) 264-0100

    Jonathan D. Selbin (*pro hac vice*)
    jselbin@lchb.com
    Jessica A. Moldovan (*pro hac vice*)
    jmoldovan@lchb.com
    LIEFF CABRASER HEIMANN
     & BERNSTEIN, LLP
    250 Hudson Street
    New York, NY 10013
    Telephone: (212) 355-9500
    Facsimile: (212) 355-9508

    Michelle A. Lamy (*pro hac vice*)
    mlamy@lchb.com
    LIEFF CABRASER HEIMANN
     & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
    San Francisco, CA 94111
    Telephone: (415) 956-1000
    Facsimile: (415) 956-1008

    Lynn A. Toops, No. 26386-49
    ltoops@cohenandmalad.com
    Arend J. Abel, No. 10763-49
    aabel@cohenandmalad.com
    COHEN & MALAD, LLP
    One Indiana Square, Suite 1400
    Indianapolis, IN 46204
    Telephone: (317) 636-6481
    Facsimile: (317) 636-2593

    *Attorneys for Plaintiffs and the Proposed Class*

-15-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system.  Parties may access this filing through the Court's system.


                                                                 */s/  Michelle A. Lamy*