UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:23-cv-00542-SEB-MJD |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' Motion to Compel Defendant's Production of Documents Generated During the Relevant Time Period. [Dkt. 94.] The motion is fully briefed, and the Court held a hearing on the motion on February 8, 2024. For the reasons set forth below, the motion is **DENIED without prejudice**.

In addition, Defendant has filed a Motion to Correct Titles of Declarations in Opposition to Plaintiffs' Motion to Compel Production of Documents Generated During the Relevant Time Period. [Dkt. 111.] That motion is **GRANTED IN PART** and **DENIED IN PART**. The Court has considered the declarations in conjunction with the correct motion, the titles notwithstanding. There is no need to complicate the docket by refiling them.

### I. Background

The fourteen named Plaintiffs in this putative class action are current and former college baseball players who allege that they were subjected "rampant sexualized harassment and misconduct at the hands of their coaches, Anthony Giarratano and Troy Nakamura" while they

played for the University of San Francisco ("USF").  [Dkt. 95 at 3.]  USF is an NCAA member school.

In their Amended Complaint, Plaintiffs assert a variety of tort claims against the NCAA, including negligence, breach of fiduciary duty, intentional and negligent infliction of emotional distress, and various breach of contract claims.  [Dkt. 41.]  In addition to their individual claims, Plaintiffs seek to represent a class consisting of "[a]ll student-athletes who are currently participating in NCAA sports at NCAA member institutions."  *Id.* at 40.  The class relief sought is limited to equitable and declaratory relief, including an injunction "requiring the NCAA to adopt, implement, and enforce appropriate policies and procedures to prevent, or properly respond to, sexual misconduct and psychological abuse of students and student-athletes."  *Id.* at 103.  The individual Plaintiffs also seek monetary damages.

## II.  Discussion

At issue in the instant motion is the proper temporal scope of certain of Plaintiffs' document requests.  Because one of the named Plaintiffs, Doe 11, began attending USF in 1999, Plaintiffs define the relevant time period as 1999 to the present.  Defendant seeks to limit their production to August 1, 2019, to the present.

The parties agree that there are two categories of requests at issue.  The first category consists of the following:

> **RFP NO. 9:** All Documents and Communications regarding rules, policies, and/or codes of conduct that You impose on student-athletes at NCAA member institutions.
>
> **RFP NO. 10:** All Documents and Communications regarding NCAA penalties—whether probation, monetary fines, recruiting restrictions, or other penalties—imposed on student-athletes at NCAA member institutions in relation to violations of NCAA policies.

**RFP NO. 11:** All Documents and Communications regarding NCAA penalties—whether probation, monetary fines, recruiting restrictions, or other penalties—imposed on NCAA member institutions in relation to violations of NCAA policies.

**RFP NO. 12:** All Documents and Communications regarding NCAA penalties—whether probation, monetary fines, recruiting restrictions, or other penalties—imposed on Athletic Personnel in relation to violations of NCAA policies.

**RFP NO. 13:** All Documents and Communications relating to the NCAA's management and/or oversight of the National Letter of Intent ("NLI") program.

**RFP NO. 14:** All Documents regarding the NCAA's relationship with the Collegiate Commissioners Association related to the NLI.

**RFP NO. 15:** All Documents and Communications relating to the NCAA's management and/or oversight of the NLIs, including but not limited to enforcing the NLIs and penalties imposed.

**RFP NO. 16:** All Documents and Communications relating to the parties' obligations under the NLI, including but not limited to enforcement of the same.

**RFP NO. 17:** All Documents and Communications relating to the delegation of authority from member institutions, or any other entity, to the NCAA to enforce the NLIs.

**RFP NO. 21:** All Documents and Communications relating to the parties' obligations under the Manual, including but not limited to enforcement of the same.

**RFP NO. 23:** All Documents and Communications relating to the parties' obligations under the Student-Athlete Statement form, including but not limited to enforcement of the same.

**RFP NO. 24:** All Documents and Communications relating to the NCAA's enforcement of penalties on, or taking of actions against, student-athletes or NCAA member institutions for violating the Student-Athlete Statement form.

**RFP NO. 25:** All Documents and Communications relating to any delegation of authority from member institutions, or any other

entity, to the NCAA to enforce the Student-Athlete Statement form.

[Dkt. 95 at 6-8.][1] As the parties' briefs and arguments during the hearing make clear, the parties are still actively working to agree on ways to narrow the scope of these requests, many of which are breathtakingly broad. Defendant's objections to providing responses to these requests back to 1999 are based, in large part, on undue burden and disproportionality. Obviously, it is simply impossible for the Court to evaluate those objections without knowing what actual information Defendant will ultimately be asked to provide for each year. And, in any event, any ruling the Court would give relating to the proper temporal scope of some currently undefined set of narrowed requests that the parties intend to agree on in the future would be akin to an advisory opinion, which the Court may not give. *See Sweeney v. Raoul*, 990 F.3d 555, 557 (7th Cir. 2021) (noting the "longstanding prohibition on federal courts issuing advisory opinions"). Accordingly, with regard to these requests, the Court **DENIES** Plaintiffs' motion as premature.

The second category of requests consists of the following:

> **RFP NO. 6:** All reports You have received regarding allegations of Sexual Misconduct made against Athletic Personnel at an NCAA member institution.
>
> **RFP NO. 7**: All Documents and Communications regarding actual or possible disciplinary or corrective actions taken against Athletic Personnel at an NCAA member institution related to Sexual Misconduct.
>
> **RFP NO. 8:** All Documents and Communications regarding sexual or romantic relationships between Athletic Personnel and student-athletes at NCAA member institutions.

---

[1] While Request No. 31 was also raised in Plaintiffs' motion, Plaintiffs withdrew their motion as to that request in their reply brief. *See* [Dkt. 109 at 4 n.2].

4

> **RFP NO. 32:** All Documents, including statistical data, related to the NCAA's tracking, review, and/or analyses regarding allegations of Sexual Misconduct made against Athletic Personnel at an NCAA member institution.

[Dkt. 95 at 6, 8.] The parties already have agreed on how to narrow these requests, so the motion is not premature as to them; however, the Court notes that it is not necessarily privy to the parties' agreement and therefore cannot properly evaluate the burden issue as to them.[2] Putting that aside, the Court notes that Plaintiffs seek this information because they believe it is relevant to Defendant's duty to protect student-athletes, and particularly on whether the risk of sexual abuse of student-athletes was foreseeable. Given the following statement in Defendant's response to the instant motion, it is not entirely clear that Defendant actually disputes that point:

> [T]he NCAA does not dispute the general foreseeability of sexual misconduct. As the NCAA stated in its Motion to Dismiss, "sexual misconduct by those in positions of authority over others is a serious societal issue, and the NCAA has acknowledged that issue, working to support member institutions in combating it." Dkt. 55 at 25. Indeed, while recent events have brought greater attention to the problem, sexual misconduct—including misconduct committed by coaches against athletes—has long been the subject of news reports. *See, e.g.*, Seattle Times Staff, *"Coaches Who Prey" wins national award*, The Seattle Times (Mar. 13, 2004), https://archive.seattletimes.com/archive/?date=20040313&slug=award13m (stating that a four day series identifying more than 150 predatory coaches in Washington state won a national journalism award). Plaintiffs do not need extensive discovery to prove that proposition, particularly because they could obtain what they need through less intrusive means.

---

[2] The Court has been provided with various pieces of correspondence between the parties regarding the request, but has not been provided with a succinct statement of the requests as they have been narrowed.

[Dkt. 104 at 14.] Plaintiffs note in their reply brief that they "would gladly receive evidence through less burdensome means—which they attempted to do for months, when they sought stipulations of fact from the NCAA that ultimately went nowhere."[3] [Dkt. 109 at 3.] Plaintiffs went on to state as follows:

> If the NCAA is now conceding . . . that sexual misconduct by athletic personnel at NCAA-member institutions was foreseeable in 1999 and continues to be foreseeable or that the general foreseeability of sexual misconduct gives rise to a duty on the part of the NCAA (and did so beginning in 1999), **then Plaintiffs will gladly serve an RFA in support of this concession and withdraw RFPs 6-8 and 32**.

[Dkt. 109 at 4 (emphasis added).]

Stipulations are one thing; requests for admission are another. Requests for admission require a response; Defendant will be compelled to respond to them and compelled to admit them—not attempt to rewrite them—if there is no basis to deny them. The Court understands that Plaintiffs have recently served requests for admission; presumably they included requests relevant to the issue of foreseeability. If they did not, the Court suggests that Plaintiffs serve additional requests for admission promptly. If Defendant admits well-crafted requests for admission relating to the foreseeability of sexual misconduct by athletic personnel at NCAA member institutions as of a given date, that will eliminate or greatly reduce the need for this discovery. It will also have the added benefit of eliminating the foreseeability issue from any dispositive motion and/or trial. The Court believes that the interests of judicial economy—both for the parties and the Court—will best be served by this approach.

---

[3] The Court notes that none of the proposed stipulations discussed by the parties appear to relate to the foreseeability issue. [*See* Dkt. 109-2.]

If the responses to the requests for admission and any additional negotiations by the parties do not resolve the issues, Plaintiffs may renew the motion to compel as to these document requests. Any such renewed motion should be directed at the actual requests at issue—that is, the requests as narrowed by the parties—and shall set out the narrowed requests in the motion. Obviously, any discussion of burden shall relate specifically to responding to the narrowed requests. In the meantime, Plaintiffs' motion as to these requests is **DENIED** without prejudice to refile the motion.

### III. Conclusion

For the reasons and to the extent set forth above, Plaintiffs' Motion to Compel Defendant's Production of Documents Generated During the Relevant Time Period, [Dkt. 94], is **DENIED without prejudice**.

SO ORDERED.

Dated: 15 FEB 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.