UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-00542-SEB-MJD<br><br>Judge:    Hon. Sarah Evans Barker |

## NINTH SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY

Pursuant to the Court's Scheduling Order (ECF No. 159), Plaintiffs John Does 1-14 ("Plaintiffs") and the National Collegiate Athletic Association ("Defendant" or "NCAA") (collectively, "the Parties"), by counsel, respectfully submit this Ninth Supplemental Joint Report on the Status of Discovery in advance of the April 18, 2024 status conference:

1. **A detailed description of all discovery completed within the preceding 28 days.**

*Responses to Defendants' RFPs.* Plaintiffs have continued to review and produce ESI responsive to Defendant's RFPs based on the search methodology described in Plaintiffs' Opposition to the NCAA's motion to compel production of Plaintiff's non-social media ESI. Since March 29, Plaintiffs have made three additional rolling productions, for a total of fifteen productions. Plaintiffs are on track to complete production of ESI including identified responsive social media private messages for Does 1-3 by the Court's deadline of May 6, 2024. Plaintiffs will turn to production of ESI for Does 4-14 following Does 1-3, which they will complete

before the Court's deadline of June 7, 2024. Plaintiffs' counsel also worked with the NCAA to resolve technical questions the NCAA had regarding Plaintiffs' productions, by agreeing to produce certain ESI in native format. Plaintiffs anticipate providing their first rolling privilege log by April 22, 2024. Plaintiffs previously produced a privilege log with one document that was responsive to the NCAA's subpoenas on Plaintiffs' parents.

*Responses to Plaintiffs' RFPs.* The NCAA has continued to review and produce ESI responsive to Plaintiffs' RFPs and that hit upon agreed search terms as well as to produce manually identified responsive documents. To date, the NCAA has made thirteen rolling productions, including productions on April 1, 8, 9, and 12, in the last 28 days. The NCAA also provided courtesy copies of documents earlier today and anticipates making another rolling production later today formally producing these documents. The NCAA represents that it substantially completed its document production in response to Plaintiffs' first set of RFPs on April 9th and has begun producing documents identified through its quality control and privilege downgrade process. The NCAA anticipates completing that process by April 25. The NCAA has begun its rolling production of documents responsive to Plaintiffs' Second Set of RFPs. Plaintiffs have raised questions about the metadata for some of the NCAA's productions, and the NCAA is working to address those questions. The NCAA anticipates providing their first rolling privilege log for the First Set of RFPs by April 22, 2024. The NCAA provided its objections and responses to Plaintiffs' Second Set of RFPs on March 25 and on April 15, Plaintiffs requested to meet and confer about those responses. The parties are scheduled to meet and confer on those responses on April 22.

*Responses to Plaintiffs' RFAs.* The NCAA responded to Plaintiffs' first set of Requests for Admission on April 5, 2024. Plaintiffs on April 15 requested to meet and confer about those

responses, and that meet and confer is scheduled for April 22.

***Plaintiffs' Motion to Compel Responses to Request for Production 6-8, and 32 for Time Period 1999 to Present.*** Plaintiffs moved on March 28, 2024 to compel responses to Plaintiffs' First Set of Requests for Production Nos. 6-8 and 32 for the time period 1999 to present. ECF No. 148. The NCAA responded with its opposition to Plaintiffs' motion on April 11, 2024. The NCAA and Plaintiffs then met and conferred, including on April 11 and April 15, and are continuing to do so. Plaintiffs' reply in support of their motion is due April 18, 2024.

***Responses to Plaintiffs' Interrogatories.*** The NCAA responded to Plaintiffs' first set of Interrogatories on April 5, 2024. Plaintiffs are evaluating the NCAA's responses, and will meet and confer with the NCAA as necessary to resolve any disputes.

***Third-Party Subpoenas to Plaintiffs' Medical Providers.*** Thus far, the NCAA has served records subpoenas on 45 of Plaintiffs' medical providers. To date, NCAA has received responses from 28 of these providers. The NCAA cross-produced the vast majority these records to Plaintiffs on March 18, and will cross produce any additional documents received by the end of next week. The NCAA continues to identify additional medical providers as medical records are produced and will send additional authorizations to Plaintiffs to facilitate record collection from these new providers on a rolling basis.

***Third-Party Subpoenas to Plaintiffs' Parents***. The NCAA served subpoenas on 21 of the Plaintiffs' parents (none of whom reside in Indiana). Plaintiffs identified the documents within their personal productions that came from their parents (and thus had already been produced). The Plaintiffs' parents represented by Plaintiffs' counsel (including all 21 subpoenaed by the NCAA) are on track to substantially complete production by April 29, 2024, with rolling productions over the course of the next few weeks. Plaintiffs' counsel provided a privilege log of one document on April 9, 2024. They anticipate providing the rest of the privilege logs for the Plaintiffs' parents within 28 days of the privileged productions. The NCAA has requested to meet and confer about the claim of privilege for the log provided.

***Third Party Subpoena to USF.*** Thus far, the NCAA has received some but not all responsive documents in response to its subpoena to the University of San Francisco. The NCAA received a small production in late January and two additional productions from USF last week. The NCAA cross produced them to Plaintiffs today.

***Third Party Subpoena to College Commissioners Association.*** Plaintiffs and the Collegiate Commissioners Association met and conferred regarding its objections to Plaintiffs' subpoena and agreed to provide its position regarding producing a limited set of responsive documents by April 12. When Plaintiffs' counsel did not receive that response, on April 15, Plaintiffs' counsel emailed counsel for the CCA to follow-up and continues to confer with the CCA regarding its objections.

***Appeal of This Court's February 15 Social Media Production Order.*** Plaintiffs' appeal of this Court's February 15, 2024 social media production order remains pending with Judge Barker. The briefing on that appeal was complete on March 19, 2024. *See* Docket Nos. 118, 130, 137. Plaintiffs began producing social media private messages for Does 1-3 pursuant to their proposed search methodology and will complete rolling productions of the responsive messages by the Court's May 6 deadline for Does 1-3 and the June 7 deadline for Does 4-14.

***Counsel Responsible.*** Counsel responsible for the matters above on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Mary Beth Blauser, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

**2.      A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

***Rule 30(b)(6) Deposition of NCAA.*** Plaintiffs served a notice of Rule 30(b)(6) deposition on the NCAA, and the deposition is scheduled for Wednesday, April 17, 2024. On April 3, 2024, the NCAA served objections to Plaintiffs' amended notice. The parties met and conferred about

the NCAA's objections on April 5, 2024 and a dispute over the NCAA's objection to the relevant time period remained. On April 11, after Plaintiffs indicated that they intended to call the Court to resolve this dispute in advance of the deposition, the NCAA made a proposal to Plaintiffs regarding the relevant time period for certain topics that were in dispute: if Plaintiffs agreed to receive complaints about sexual misconduct by athletics personnel back to 1999 from all databases in which these complaints are stored, and to otherwise forgo custodial searches regarding the same, the NCAA would offer another 30(b)(6) designee to testify for up to four hours about the later-produced evidence from these databases. As the NCAA committed to completing production of documents by April 9, Plaintiffs' position is that any documents produced after April 9 constitute such later-produced evidence. The NCAA reserves the right to object to any redeposition based on documents produced after April 9 but before the commencement of the deposition.

When discussing this proposal on April 11, Plaintiffs said they would consider the proposal and respond to NCAA. They also asked the NCAA to provide additional information about the two databases it identified, to determine whether they indeed housed all relevant information (e.g., whether hand-written complaints from before 2019 would have been subsequently uploaded to the databases, or located elsewhere, and whether the document retention/destruction policies for the databases render them empty as of some date-certain). The NCAA is still investigating the answer to these questions. The NCAA points to Ray Biederman's declaration in opposition to the prior motion to compel on temporal scope, which states this sexual misconduct complaint information is not available in a central repository for the older time periods. *See* Dkt. At 111-002, ¶ 5. The NCAA is working to understand how far back the two offered databases do go and will provide that information when available. Without this information, Plaintiffs state that they cannot agree to forego custodial searches, but agree they will need to reopen the 30(b)(6) deposition as to the time period 1999-2019, if and when the NCAA produces these historical documents. The parties will update the Court on whether a compromise is reached and whether they need guidance from the Court on the objection. It

should not impact the April 17 deposition given the NCAA has already offered to produce a further witness on at least the compromise proposal.

The NCAA also requested that counsel in this litigation be granted access to discovery from *Manassa v. National Collegiate Athletic Assoc.,* No. 1:20-cv-03172-JRS-MJD, some of which may be relevant to the 30(b)(6) deposition. Accordingly, the *Manassa* parties filed an Agreed Motion for Entry of Amended Protective Order, which the Court granted on April 12, 2024. While the Parties have agreed that testimony from the *Manassa* 30(b)(6) deposition may be used in this litigation, Plaintiffs will not agree that the *Manassa* testimony will stand in lieu of the NCAA's testimony in this litigation.

Today, the day prior to the 30(b)(6) deposition, the NCAA served "supplemental" responses and objections to Plaintiffs' deposition notice. Plaintiffs will endeavor to meet and confer with the NCAA about these objections, though it is unlikely any disputes will be resolved in advance of tomorrow's deposition. The NCAA notes that the sole edit in these revised objections is to designate specific testimony from the *Manassa* 30(b)(6) deposition as responsive to topics 20-22, consistent with the parties' meet and confer discussions. Plaintiffs dispute the NCAA's ability to unilaterally "designate" testimony from another matter to substitute testimony in this matter, particularly the day prior to the deposition.

**Plaintiffs' Depositions**. The NCAA is working with Plaintiffs' counsel to schedule depositions for Does 1-3 for May. Plaintiffs' counsel is confirming availability previously provided for each Plaintiff, and specifically: Doe 1 on May 21, Doe 3 on May 23, and Doe 2 on June 3. The NCAA has agreed that these depositions will occur in-person in the location in which each Doe resides, and that the NCAA will accommodate any reasonable postponements to this schedule that become necessary if the Does' baseball teams enter post-season play.

**Plaintiffs' Motion to Compel**. On March 28, 2024, Plaintiffs filed a motion to compel production of documents responsive to Plaintiffs' First Set of RFPs Nos. 6-8 and 32, which relate to, among other things, reports of sexual misconduct made against athletic personnel at NCAA

member institutions. *See* Docket No. 148. The NCAA filed its opposition on April 11, 2024, and Plaintiffs' reply is due April 18, 2024.

***NCAA's Motions to Compel***.

On April 8, 2024, the Court granted in part and denied in part the NCAA's Motion to Compel Production of Plaintiffs' ESI responsive to its First, Second, and Third Set of Requests for Production is fully briefed and pending. *See* ECF No. 160. The Court ordered Plaintiffs to complete production of ESI for Does 1-3 by May 6, 2024 and for the remaining Plaintiffs by June 7, 2024. The Court also ordered Plaintiffs to file a statement by April 15, 2024, answering questions to assist the Court in understanding Plaintiffs' search protocol. Plaintiffs filed their first statement on April 15, 2024. ECF No. 167. The NCAA requested to meet and confer about this statement, and the parties will have that meet and confer April 22.  The Court also ordered Plaintiffs to file certifications on May 6, 2024 (regarding Does 1-3) and June 7 (regarding Does 4-14), which Plaintiffs will file on schedule.

The Court granted the NCAA's motion to compel regarding social media feeds on February 15, 2024, and ordered production of all social media feeds and direct messages by February 29, 2024. Docket No. 117. Plaintiffs appealed the aspect of that order that required production of social media direct messages, Dkt. 118, and that appeal is fully briefed and pending before Judge Barker. *See* Docket Nos. 118, 130, 137.

***Plaintiffs' Document Production***. As addressed elsewhere in this statement, Plaintiffs' document production is ongoing. Plaintiffs will complete all ESI production for Does 1-3 through Plaintiffs' proposed review protocol by May 6, 2024. As set forth above, Plaintiffs will start review of ESI under Plaintiffs' proposed protocol for Does 4-14 after completion of Does 1-3, and complete that production by June 7, 2024. Further document productions may be required

if Judge Barker upholds the February 15 discovery order.  Plaintiffs will provide their first rolling privilege log by April 22, 2024.

*NCAA's Document Production*. The NCAA continues to review and produce documents responsive to the Plaintiffs' requests for production. The NCAA substantially completed its production of documents responsive to the First Set of RFPs for the custodians agreed upon in January and in March on April 9, and will complete its quality control and privilege downgrade process by April 25. The NCAA agreed on Friday to add an additional custodian, Kevin Lennon, for RFP 6-8 and 32, and it is in the process of collecting those documents.  Further document productions may be required if additional custodians are added or the Court grants Plaintiffs' most recent motion to compel related to documents responsive to RFPs 6-8 and 32 from 1999 to the present.  The NCAA will provide its first rolling privilege log by April 22, 2024.  The NCAA has been producing documents responsive to Plaintiffs' Second Set of Requests for Production in rolling productions.

*Counsel Responsible.*  Counsel responsible for the matters above on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Mary Beth Blauser, Michael von Klemperer, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible for the matters above on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

**3.    A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute**.

*Motions to Compel.* As stated above, Plaintiffs' appeal of the Court's February 15 social media order is pending; Plaintiffs' Motion to Compel Defendant's Production of Documents

Responsive to Plaintiff's First Set of Requests for Production Nos. 6-8 and 32 is filed, the NCAA's opposition was filed April 11, 2024, and Plaintiffs' reply is due April 18.

***NCAA Document Custodians for RFPs 4, 6-8, and 32 Regarding Sexual Misconduct Complaints and Related Issues***. Plaintiffs have raised a dispute about the sufficiency of the NCAA's custodians for Request for Production Nos. 4, 6-8, and 32. The NCAA has added additional custodians as a result of meet and confer over these custodians, but believes that its custodian list is now the appropriate list based on the NCAA's investigation of the custodians and sources most likely to have responsive information. The Plaintiffs' position is that based on the NCAA's productions to date as well as the size of some of the departments at issue, the NCAA's current list is insufficient and seek the addition of nine individual custodians and three databases. The NCAA disagrees. The parties met and conferred on this issue on March 29, 2024, after which Plaintiffs provided the requested additional information on April 3, 2024. The NCAA responded to this additional information on April 12, 2024, agreeing to add one of the eight individual custodians and none of the databases Plaintiffs requested. The parties are now at impasse and Plaintiffs seek the Court's permission to move to compel.

***Plaintiffs' Objection to Production of Sexually-Explicit Images and Conversations with their Romantic Partners.*** On April 15, 2024, Plaintiffs filed a Motion For Protective Order Precluding Discovery of Plaintiffs' and Third Parties' Sexually Explicit Images and Conversations. ECF No. 168. Defendant's response to the Motion is due April 29, 2024.

***Counsel Responsible.*** Counsel responsible for discovery disputes pending on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Melissa Clark, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible for discovery disputes pending on

behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

4.  **A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

   **Plaintiffs' Position:**  Plaintiffs will continue their rolling production of ESI responsive to all of the NCAA's RFPs within the next 28-day period, and will take the deposition of a Rule 30(b)(6) witness for the NCAA on April 17, 2024. Does 1-3 will also be deposed, as set forth above, after their college finals and baseball seasons are complete in May and June 2024.  And Plaintiffs will provide their first rolling privilege log and produce any privilege downgrades.

   **NCAA's Position**:  The NCAA will produce its privilege downgrades responsive to the First Set of RFPs and any responsive documents to RFPs 6-8 and 32 in the files of Kevin Lennon.  The NCAA will provide its first rolling privilege log.  The NCAA will continue its rolling production of documents responsive to the Second Set of RFPs.  The NCAA will produce a Rule 30(b)(6) designee for deposition on April 17, 2024.  The NCAA will depose Does 1-3 in New Orleans, Orange County, and Reno in late May and early June.

   **Counsel Responsible**.  Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Michael von Klemperer, Mary Beth Blauser, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

5.      **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Parties' Statement:**  The following is the schedule set forth in the Court's Case Management Order (ECF No. 149):

> All discovery relating to class certification issues, including class certification expert witness discovery, shall be completed by **June 28, 2024**. All discovery relating to liability issues, including liability expert witness discovery, shall be completed by **August 16, 2024**. All remaining discovery shall be completed by **January 17, 2025**.

**Plaintiffs' Position.**  Plaintiffs are committed to these deadlines, subject to the resolution of pending discovery disputes.

**NCAA's Position**:  The NCAA is committed to these deadlines.

**Counsel Responsible**.  Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy, and on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Michael von Klemperer, Mary Beth Blauser, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

6.      **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any delays in the completion of discovery in this matter.**

**Parties' Statement:**  The Parties do not presently have any additional discovery issues that require the Court's attention.

DATED: April 16, 2024             By:        */s/  Carolyn Hoecker Luedtke*

Carolyn Hoecker Luedtke (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:	(415) 512-4000
Facsimile:	(415) 512-4077
Email:	Carolyn.Luedtke@mto.com

Hailyn J. Chen (*pro hac vice*)
Ariel T. Teshuva (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:	(213) 683-9100
Facsimile:	(213) 687-3702
Email:	Hailyn.Chen@mto.com
	Ariel.Teshuva@mto.com

Kathleen Foley (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave NW, Ste. 850
Washington, District of Columbia 20001-5369
Telephone:	(202) 220-1137
Facsimile:	(202) 220-2300
Email:	Kathleen.Foley@mto.com

Andrea Roberts Pierson
Nicholas B. Alford
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:	(317) 237-1424
Facsimile:	(317) 237-1000
Email:	andrea.pierson@faegredrinker.com
	nicholas.alford@faegredrinker.com

*Attorneys for Defendant The National Collegiate Athletic Association*

DATED: April 16, 2024

By:	*/s/ Elizabeth A. Fegan*

        Elizabeth A. Fegan (*pro hac vice*)
        beth@feganscott.com
        Paige L. Smith (*pro hac vice*)
        paige@feganscott.com
        FEGAN SCOTT LLC
        150 S. Wacker Drive, 24th Floor
        Chicago, IL 60606
        Telephone: (312) 741-1019
        Facsimile: (312) 264-0100

        Lynn A. Ellenberger (*pro hac vice*)
        lynn@feganscott.com
        FEGAN SCOTT LLC
        500 Grant Street, Suite 2900
        Pittsburgh, PA 15219
        Telephone: (412) 346-4104
        Facsimile: (312) 264-0100

        Jonathan D. Selbin (*pro hac vice*)
        jselbin@lchb.com
        Jessica A. Moldovan (*pro hac vice*)
        jmoldovan@lchb.com
        LIEFF CABRASER HEIMANN
         & BERNSTEIN, LLP
        250 Hudson Street
        New York, NY 10013
        Telephone: (212) 355-9500
        Facsimile: (212) 355-9508

        Michelle A. Lamy (*pro hac vice*)
        mlamy@lchb.com
        LIEFF CABRASER HEIMANN
         & BERNSTEIN, LLP
        275 Battery Street, 29th Floor
        San Francisco, CA 94111
        Telephone: (415) 956-1000
        Facsimile: (415) 956-1008

        Lynn A. Toops, No. 26386-49
        ltoops@cohenandmalad.com
        Arend J. Abel, No. 10763-49
        aabel@cohenandmalad.com
        COHEN & MALAD, LLP
        One Indiana Square, Suite 1400
        Indianapolis, IN 46204
        Telephone: (317) 636-6481
        Facsimile: (317) 636-2593

        *Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 16, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system.  Parties may access this filing through the Court's system.

/s/  Elizabeth A. Fegan