UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-00542-SEB-MJD |
|        Plaintiffs, | |
|      vs. | Judge:   Hon. Sarah Evans Barker |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | |
|        Defendant. | |

## <u>TENTH SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY</u>

Pursuant to the Court's Scheduling Order (ECF No. 179), Plaintiffs John Does 1-14

("Plaintiffs") and the National Collegiate Athletic Association ("Defendant" or "NCAA")

(collectively, "the Parties"), by counsel, respectfully submit this Tenth Supplemental Joint

Report on the Status of Discovery in advance of the May 3, 2024 status conference:

1.      <u>**A detailed description of all discovery completed within the preceding 28 days**</u>.

***Responses to Defendants' RFPs***. Plaintiffs have continued to review and produce ESI

responsive to Defendant's RFPs based on the search methodology described in Plaintiffs'

Opposition to the NCAA's motion to compel production of Plaintiff's non-social media ESI. In

the preceding 28 days, Plaintiffs have made five rolling productions, for a total of seventeen

productions. Plaintiffs represent that they are on track to complete production of ESI including

identified responsive social media private messages for Does 1-3 by the Court's deadline of May

6, 2024. Plaintiffs will turn to production of ESI for Does 4-14 following Does 1-3, which they

will complete before the Court's deadline of June 7, 2024. On April 22 and April 26, 2024, the Parties met and conferred over Zoom regarding the NCAA's concerns about Plaintiffs' search term methodology, including whether they are appropriately searching for slang terms and emojis, whether their methodology for capturing images and videos was effective and appropriately validated, and whether they are excluding search terms that are relevant to the case (e.g., "rape"). Plaintiffs provided a rolling privilege log on April 22, 2024. The NCAA is reviewing that privilege log.

*Responses to Plaintiffs' RFPs.* In the last 28 days, the NCAA has made seven rolling productions, including productions on April 8, 9, 10, 12, 16, 17, and 25. For Plaintiffs' first set of RFPs, the NCAA made a production of documents identified through its quality control and privilege downgrade process on April 25, and its production is now complete, with the exception of a new custodian that the NCAA has added at Plaintiffs' request and any discrete additional follow up questions from Plaintiffs. The NCAA is continuing its review and production of documents responsive to Plaintiffs' Second Set of RFPs. On March 13, 2024, Plaintiffs raised questions about the metadata for some of the NCAA's productions, the parties have met and conferred on those questions, and Plaintiffs await the NCAA's final position on this issue to determine whether there is a dispute. The NCAA also provided its rolling privilege log for the First Set of RFPs on April 22, 2024 and supplemented it on April 25, 2024 to account for an oversight. Plaintiffs are reviewing that privilege log. The parties met and conferred on Plaintiffs' Second Set of RFPs on April 22 and 26, 2024 and are continuing to meet and confer. During the April 22 meet and confer, Plaintiffs learned that the NCAA's ESI collection has not included collection of custodians' work phones or personal phones. Plaintiffs believe this is a deficiency in the NCAA's productions to date, as the NCAA's corporate representative testified that she

personally has used both her work phone and personal cell phone to send text messages about her work at the NCAA. She testified that she did not recollect sending any texts about sexual misconduct on either phone but she would have to look at the texts to confirm. The NCAA notes that the corporate representative was not testifying about the NCAA's collection and review of documents, she was testifying about her own personal practices and the NCAA is reviewing whether her recollection was correct that she did not send texts related to this litigation or whether there are texts that should be produced. The Parties will meet and confer about this issue.

*Responses to Plaintiffs' RFAs.* The NCAA responded to Plaintiffs' first set of Requests for Admission on April 5, 2024. The parties met and conferred on the NCAA's responses on April 22 and 26 and are continuing to meet and confer. The parties do not yet have disputes ripe for this Court's resolution.

*Plaintiffs' Motion to Compel Responses to Request for Production 6-8, and 32 for Time Period 1999 to Present.* Plaintiffs moved on March 28, 2024 to compel responses to Plaintiffs' First Set of Requests for Production Nos. 6-8 and 32 for the time period 1999 to present. ECF No. 148. The NCAA responded with its opposition to Plaintiffs' motion on April 11, 2024. The NCAA and Plaintiffs then met and conferred, including on April 11 and April 15. Plaintiffs filed their reply in support of their motion on April 18, 2024, and the motion is fully briefed.

*Responses to Plaintiffs' Interrogatories.* The NCAA responded to Plaintiffs' First Set of Interrogatories on April 5, 2024. The parties met and conferred about the NCAA's responses on April 22 and 26 and are continuing to meet and confer. The parties do not yet have a dispute ripe for the Court's resolution.

*Third-Party Subpoenas to Plaintiffs' Medical Providers.* Thus far, the NCAA has served records subpoenas on 45 of Plaintiffs' medical providers. To date, the NCAA has received

responses from 29 of these providers. The NCAA cross-produced the vast majority of these records to Plaintiffs on March 18; it received one set of records the week of April 22, which it will cross-produce today, and it will cross-produce any subsequent records when received. The NCAA sent Plaintiffs authorizations for additional medical providers identified through the course of discovery on April 17, and Plaintiffs returned the signed authorizations on April 26. The NCAA plans to serve these providers with subpoenas the week of April 29.

*Third-Party Subpoenas to Plaintiffs' Parents.* The NCAA served subpoenas on 21 of the Plaintiffs' parents (none of whom reside in Indiana). Plaintiffs identified the documents within their personal productions that came from their parents (and thus had already been produced), and then produced a metadata overlay identifying these documents within the prior productions and updating their custodial information. Plaintiffs' parents who are represented by Plaintiffs' counsel (including all 21 subpoenaed by the NCAA) represent that their production was substantially complete with the rolling production made on April 23, 2024. The NCAA is still assessing those productions. While Plaintiffs had hoped to entirely complete production by April 29, 2024, Plaintiffs represent that delays caused by one parent's travel schedule affected their ability to complete production, extending it by one week. Counsel for Plaintiffs' parents advised the NCAA on April 24 of this timeline, advised that they now anticipate completing production by May 6, 2024, and advised that they anticipate making at least two more rolling productions between now and then. Plaintiffs' counsel provided a privilege log on April 9, 2024 regarding the one document produced to date with privilege redactions. They anticipate providing any additional privilege logs for the Plaintiffs' parents' documents within 28 days of the privileged productions. On April 24, 2024, the NCAA wrote to Plaintiffs regarding the claim of privilege over this document. Plaintiffs are reviewing the NCAA's written position and will respond.

*Third Party Subpoena to USF.* Thus far, the NCAA has received some but not all responsive documents in response to its subpoena to the University of San Francisco. The NCAA cross-produced all records it received from USF to date on April 16, 2024. USF said it intends to

complete its production the week of April 29, 2024. NCAA will cross-produce the records it receives.

**Third Party Subpoena to College Commissioners Association.** Plaintiffs and the Collegiate Commissioners Association (CCA) met and conferred regarding the CCA's objections to Plaintiffs' subpoena and agreed to provide its position regarding producing a limited set of responsive documents by April 12. On April 15, 2024, the CCA's counsel advised Plaintiffs that their obligations under the subpoenas were fulfilled. Plaintiffs' counsel informed the NCAA in its meet and confer on April 22 that the CCA's counsel advised Plaintiffs' counsel that the information Plaintiffs sought from the CCA could be obtained from the NCAA. Counsel for the NCAA is researching the availability of this information and will continue to meet and confer.

**Appeal of This Court's February 15 Social Media Production Order.** Plaintiffs' appeal of this Court's February 15, 2024 social media production order remains pending with Judge Barker. The briefing on that appeal was complete on March 19, 2024. *See* ECF Nos. 118, 130, 137. Plaintiffs began producing social media private messages for Does 1-3 pursuant to their proposed search methodology and will complete rolling productions of the responsive messages by the Court's May 6 deadline for Does 1-3 and the June 7 deadline for Does 4-14.

**Counsel Responsible.** Counsel responsible for the matters above on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Mary Beth Blauser, Jonathan Selbin, Michelle Lamy, Jessica Moldovan, and Mike von Klemperer. Counsel responsible on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

2.      **A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

**Rule 30(b)(6) Deposition of NCAA.** The deposition of the NCAA's 30(b)(6) witness proceeded as scheduled on April 17, 2024. Plaintiffs are continuing to evaluate the deposition

and any needed further steps and will reach out to the Court on further guidance if and when necessary.

     ***Plaintiffs' Depositions*.** The NCAA is taking the depositions of Doe 1 on May 21, Doe 3 on May 23, and Doe 2 on June 3 in the location in which each Doe resides, and the NCAA has agreed to accommodate any reasonable postponements to this schedule that become necessary if the Does' baseball teams enter post-season play.

     ***Plaintiffs' Motion to Compel*.** On March 28, 2024, Plaintiffs filed a motion to compel production of documents responsive to Plaintiffs' First Set of RFPs Nos. 6-8 and 32, which relate to, among other things, reports of sexual misconduct made against athletic personnel at NCAA member institutions, for the time period 1999 to July 31, 2019. *See* ECF No. 148. The NCAA filed its opposition on April 11, 2024. The NCAA and Plaintiffs then met and conferred, including on April 11 and April 15. Plaintiffs filed their reply on April 18, 2024. The motion is now fully briefed.

     ***Plaintiffs' Motion for Protective Order*.** On April 15, 2024, Plaintiffs filed a Motion for Protective Order Precluding Discovery of Plaintiffs' and Non-Parties' Sexually Explicit Images and Conversations. ECF No. 168. The NCAA filed its response on April 24, 2024. Plaintiffs filed their reply on April 29, 2024. The motion is now fully briefed.

     ***NCAA's Motions to Compel*.** On April 8, 2024, the Court granted in part and denied in part the NCAA's Motion to Compel Production of Plaintiffs' ESI responsive to its First, Second, and Third Set of Requests for Production is fully briefed and pending. *See* ECF No. 160. The Court ordered Plaintiffs to complete production of ESI for Does 1-3 by May 6, 2024 and for the remaining Plaintiffs by June 7, 2024. The Court also ordered Plaintiffs to file a statement by April 15, 2024, answering questions to assist the Court in understanding Plaintiffs' search protocol. Plaintiffs filed their first statement on April 15, 2024. ECF No. 167. The parties met

and conferred about that statement on April 22 and 26, 2024. The NCAA raised questions and further requests about Plaintiffs' search term methodology, including whether they are appropriately searching for slang terms and emojis, whether their methodology for capturing images and videos was effective and appropriately validated, and whether they are excluding search terms that are relevant to the case (e.g., "rape"). Plaintiffs are responding to those questions and conducting additional searches. The parties continue to meet and confer on these issues. The Court also ordered Plaintiffs to file certifications on May 6, 2024 (regarding Does 1-3) and June 7 (regarding Does 4-14), which Plaintiffs will file on schedule.

The Court granted the NCAA's motion to compel regarding social media feeds on February 15, 2024, and ordered production of all social media feeds and direct messages by February 29, 2024. ECF No. 117. Plaintiffs appealed the aspect of that order that required production of social media direct messages, ECF No. 118, and that appeal is fully briefed and pending before Judge Barker. *See* ECF Nos. 118, 130, 137.

***Plaintiffs' Document Production.*** As addressed elsewhere in this statement, Plaintiffs' document production is ongoing. Plaintiffs will complete all ESI production for Does 1-3 through Plaintiffs' proposed review protocol by May 6, 2024. The completion of this production is subject to Plaintiffs' pending Motion for Protective Order Precluding Discovery of Sexually Explicit Images and Conversations with their Romantic Partners, filed on April 15, 2024, and fully briefed as of April 29, 2024. *See* ECF Nos. 168, 185, 189.

As set forth above, Plaintiffs will start review of ESI under Plaintiffs' proposed protocol for Does 4-14 after completion of Does 1-3, and complete that production by June 7, 2024. Further document productions may be required if Judge Barker upholds the February 15 discovery order. Plaintiffs provided their first rolling privilege log on April 22, 2024.

*NCAA's Document Production*. The NCAA continues to review and produce documents responsive to the Plaintiffs' requests for production. The NCAA substantially completed its production of documents responsive to the First Set of RFPs for the custodians agreed upon in January and in March on April 9, and produced documents identified as part of its quality control and privilege downgrade process on April 25. On April 12, the NCAA agreed to add an additional custodian, Kevin Lennon, for RFP 6-8 and 32, and it is in the process of reviewing those documents. Further document productions may be required if additional custodians are added or the Court grants Plaintiffs' most recent motion to compel related to documents responsive to RFPs 6-8 and 32 from 1999 to the present, or Plaintiffs' forthcoming motion to compel the addition of custodians. Further document productions may also be required if the NCAA either agrees to Plaintiffs' request that custodian work and personal phones be collected and searched, or if the Court orders that collection and searching (absent the NCAA's agreement), and if those devices have responsive documents. The NCAA provided its first rolling privilege log on April 22, 2024 and supplemented it on April 25, 2024, to account for an oversight. The NCAA has been producing documents responsive to Plaintiffs' Second Set of Requests for Production in rolling productions.

*Counsel Responsible.* Counsel responsible for the matters above on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Mary Beth Blauser, Mike von Klemperer, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible for the matters above on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

3.      <u>A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute</u>.

*Motions to Compel.* As stated above, Plaintiffs' appeal of the Court's February 15 social media order is fully briefed and pending before Judge Barker; and Plaintiffs' Motion to Compel Defendant's Production of Documents Responsive to Plaintiff's First Set of Requests for Production Nos. 6-8 and 32 is fully briefed and pending before this Court.

*NCAA Document Custodians for RFPs 4, 6-8, and 32 Regarding Sexual Misconduct Complaints and Related Issues.* As summarized in the last status conference statement, Plaintiffs have raised a dispute about the sufficiency of the NCAA's custodians for Request for Production Nos. 4, 6-8, and 32. During negotiations, Plaintiffs have suggested a list of additional custodians, and after meet and confer, the NCAA has agreed to add some, but not all, of Plaintiffs' requested additional custodians. Following the Parties' meet and confer today, during which the NCAA agreed to add another additional custodian, the parties are at impasse as to Plaintiffs' remaining requested additional custodians. Plaintiffs sought and received the Court's permission to move to compel, and will move to compel as to this now final list of disputed custodians.

*Plaintiffs' Motion for Protective Order.* On April 15, 2024, Plaintiffs filed a Motion For Protective Order Precluding Discovery of Plaintiffs' and Non-Parties' Sexually Explicit Images and Conversations. ECF No. 168. The NCAA filed its response on April 24, 2024. Plaintiffs filed their reply on April 29, 2024, and the motion is now fully briefed.

*Counsel Responsible.* Counsel responsible for discovery disputes pending on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Paige Smith, Melissa Clark, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible for discovery disputes pending on

behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

**4.     A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Plaintiffs' Position**: Plaintiffs will continue their rolling production of ESI responsive to all of the NCAA's RFPs within the next 28-day period. Does 1-3 will also be deposed, as set forth above, after their college finals and baseball seasons are complete in May and June 2024.

**NCAA's Position**: The NCAA will produce any responsive documents to RFPs 6-8 and 32 in the files of Kevin Lennon. The NCAA will continue its rolling production of documents responsive to the Second Set of RFPs. The NCAA will depose Does 1-3 in New Orleans, Orange County, and Reno in late May and early June.

**Counsel Responsible**: Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, and Nicholas Alford, and on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Mike von Klemperer, Mary Beth Blauser, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

**5.     A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Parties' Statement**: The following is the schedule set forth in the Court's Case Management Order (ECF No. 149):

> All discovery relating to class certification issues, including class certification expert witness discovery, shall be completed by **June 28, 2024**. All discovery relating to liability issues, including liability expert witness discovery, shall be completed by **August 16, 2024**. All remaining discovery shall be completed by **January 17, 2025**.

**Plaintiffs' Position:** Plaintiffs are committed to these deadlines, subject to the resolution of pending discovery disputes.

**NCAA's Position:** The NCAA is committed to these deadlines.

**Counsel Responsible:** Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Kathleen Foley, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy, and on behalf of Plaintiffs are Elizabeth Fegan, Paige Smith, Mike von Klemperer, Mary Beth Blauser, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

6.   **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any delays in the completion of discovery in this matter.**

**Parties' Statement:** The Parties do not presently have any additional discovery issues that require the Court's attention.

DATED: April 30, 2024            By:     _/s/  Hailyn J. Chen_

Carolyn Hoecker Luedtke (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:       (415) 512-4000
Facsimile:        (415) 512-4077
Email:   Carolyn.Luedtke@mto.com

Hailyn J. Chen (*pro hac vice*)
Ariel T. Teshuva (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:       (213) 683-9100
Facsimile:        (213) 687-3702
Email:   Hailyn.Chen@mto.com
                 Ariel.Teshuva@mto.com

51887751.1
2992403.4

Kathleen Foley (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave NW, Ste. 850
Washington, District of Columbia 20001-5369
Telephone:       (202) 220-1137
Facsimile:       (202) 220-2300
Email:   Kathleen.Foley@mto.com

Andrea Roberts Pierson
Nicholas B. Alford
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:       (317) 237-1424
Facsimile:       (317) 237-1000
Email:      andrea.pierson@faegredrinker.com
               nicholas.alford@faegredrinker.com

*Attorneys for Defendant The National Collegiate Athletic Association*

DATED: April 30, 2024          By:   _____/s/ Michelle A. Lamy_____

Elizabeth A. Fegan (*pro hac vice*)
beth@feganscott.com
Paige L. Smith (*pro hac vice*)
paige@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

51887751.1
2992403.4

Lynn A. Ellenberger (*pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

Jonathan D. Selbin (*pro hac vice*)
jselbin@lchb.com
Jessica A. Moldovan (*pro hac vice*)
jmoldovan@lchb.com
LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9508

Michelle A. Lamy (*pro hac vice*)
mlamy@lchb.com
LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Lynn A. Toops, No. 26386-49
ltoops@cohenandmalad.com
Arend J. Abel, No. 10763-49
aabel@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system. Parties may access this filing through the Court's system.

/s/ *Michelle A. Lamy*