UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 1:23-cv-00542-SEB-MJD<br><br>Judge:   Hon. Sarah Evans Barker |

# THIRTEENTH SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY

Pursuant to the Court's Scheduling Order (ECF No. 234), Plaintiffs John Does 1-6 and 9-14 ("Plaintiffs") and the National Collegiate Athletic Association ("Defendant" or "NCAA") (collectively, "the Parties"), by counsel, respectfully submit this Thirteenth Supplemental Joint Report on the Status of Discovery in advance of the June 27, 2024 status conference:

1. **A detailed description of all discovery completed within the preceding 28 days.**

*Responses to Defendants' RFPs*. Plaintiffs continued to review and produce ESI responsive to the NCAA's RFPs based on the search methodology described in Plaintiffs' Opposition to the NCAA's motion to compel production of Plaintiffs' non-social media ESI. In the preceding 28 days, Plaintiffs made 9 rolling productions, for a total of 39 productions.

For Does 1-3, Plaintiffs certified that they completed production of ESI using their search methodology on May 6, 2024, and have since produced 11 volumes of documents through June

25, 2024, including documents from Does 4-14 as well as 454 documents from Doe 1, 204 documents from Doe 2, 679 documents from Doe 3, and the social media accounts discussed below. For Does 1-3, all of these additional productions were based either on the parties' continued meet and confers on Plaintiffs' search term methodology (and the agreement reached on additional search terms on May 22, 2024) or other specific follow-up requested by the NCAA regarding a failure to collect all of Does 1-3 social media. The NCAA reserves the right to raise additional concerns with respect to Plaintiffs' methodology for reviewing photographs and social media, and with respect to search terms if there is further information learned from the productions. Plaintiffs produced an additional 7 social media accounts of Does 1-3 (in addition to the 38 social media accounts already collected and produced) for a total of 45 social media accounts. Plaintiffs state that their productions for Does 1-3 are now complete. The parties are still working through technical issues with Doe 3's corrupt Twitter account. The parties are meeting and conferring on (1) the corrupt Twitter issue for Doe 3, (2) inaccurate sort dates for Does 1-3's photographs and videos, (3) Plaintiffs' May 16 privilege log which includes entries for the Does and their parents as joint clients and undisclosed joint clients, and (4) a technical issue related to "OBJ" text blocking content in Plaintiffs' produced documents. Plaintiffs (1) are working with their vendor to gather the correct date information for photo and videos, and (2) will supplement their privilege log by June 28, 2024, and the parties will further meet and confer as necessary following that supplement.

On May 28, 2024, Plaintiffs began producing documents for Does 4-14 based on Plaintiffs' search methodology, as augmented by the parties' May 22, 2024 agreement regarding additional terms. Plaintiffs continue to make rolling productions for Does 4-14. Counsel for Plaintiffs are committed to making substantial rolling productions over the next week and a half

and completing those productions by the July 5, 2024 deadline.

***Responses to Plaintiffs' RFPs.*** In the preceding 28 days, the NCAA made 6 rolling productions responsive to Plaintiffs' RFPs, including on May 30, 2024, May 31, 2024, June 7, 2024, June 8, 2024 (2 productions), and June 17, 2024, for a total of 24 productions. The NCAA anticipates completing production of documents responsive to Plaintiffs' First Set of RFPs for the post-August 2019 period by July 1, 2024. Further document productions may be required if: (1) additional custodians are added as a result of Plaintiffs' motion to compel further custodians, as described in section 3 below; or (2) the Court grants Plaintiffs' motion to compel further documents responsive to Plaintiffs' sexual misconduct RFPs, as described in section 3 below.

The NCAA has described to Plaintiffs the scope of its planned production for the Second Set of RFPs including the search terms it is using. The NCAA has been making rolling productions and anticipates completing its production of documents responsive to the Second Set of RFPs by June 28, 2024. Plaintiffs are still considering the NCAA's proposed search terms and description of the scope of production and will meet and confer as necessary.

***Third-Party Subpoenas to Plaintiffs' Medical Providers.*** Thus far, the NCAA has served or will serve records subpoenas on 48 of Plaintiffs' medical providers. To date, 29 of these providers have produced documents to the NCAA or have records included in other productions, and 14 providers have confirmed that no records exist for the respective Plaintiff. The NCAA is waiting for documents from 5 providers and will be reserving 1 provider subpoena. The NCAA cross produced documents received on March 18, 2024, May 13, 2024, May 24, 2024, June 6, 2024 (2 productions), and June 8, 2024. The NCAA will finish cross-production of medical records received thus far this week.

***Third-Party Subpoenas to Plaintiffs' Parents.*** The NCAA served subpoenas on 21 of the Plaintiffs' parents (none of whom reside in Indiana). Plaintiffs completed production for Plaintiffs' parents who are represented by Plaintiffs' counsel (including all 21 subpoenaed by the

NCAA) on June 7, 2024.  The NCAA continues to review the sufficiency of the productions based on ongoing depositions.

***Third-Party Discovery Involving USF*.**  The NCAA has received all of the documents USF says it will be producing in response to its subpoena to the University of San Francisco for Does 1-3.  The NCAA cross-produced documents received from USF for Does 1-3 on April 16, 2024, May 3, 2024, and May 24, 2024.  The NCAA has produced all documents received to date.  For Does 4-14, the NCAA has received some of the documents USF says it will be producing in earlier productions.  Counsel for USF is running the agreed searches for Does 4-14 and will provide an update this week.  The NCAA will update Plaintiffs on the anticipated completion of receipt and cross-production of records in response for Does 4-14.

***Third-Party Subpoena to College Commissioners Association (CCA).***  The NCAA searched the custodial files of the relevant custodians for information responsive to this subpoena and made 5 rolling productions responsive to this subpoena, including on May 31, 2024, June 6 (2 productions), 2024, June 14, 2024, and June 17, 2024.  The NCAA completed production of responsive documents on June 17, 2024.  Plaintiffs are reviewing those productions, and will meet and confer with the NCAA as necessary.

***Plaintiffs' Depositions*.**  The depositions of Does 1-3 occurred on June 17, June 21, and June 24-25, respectively.  Plaintiffs provided deposition dates for the remaining Doe depositions and the parties have been trying to work with counsel for USF and the USF coaches to coordinate these depositions throughout July and August.  Yesterday evening, counsel for Plaintiffs, the NCAA, USF, and the two USF coaches met and conferred in-person to finalize deposition dates.  Dates were confirmed for Does 4-6 and 10-13 and the NCAA is in the process of serving deposition notices.  The NCAA will take the depositions on the dates noticed due to the deadlines in this case.  The parties continue to confer on coordinated dates for Does 9 and 14, and anticipate reaching agreement this week or NCAA will notice the depositions for the dates that Plaintiffs and NCAA agree work for Plaintiffs and NCAA.

***Depositions of Plaintiffs' Parents***.  The NCAA has requested to take the deposition of all Doe Plaintiff parents represented by Plaintiffs' counsel.  After further discussion, Plaintiffs understood that the NCAA narrowed its request to dates for the parents of Doe 1 and Doe 2, the father of Doe 6, and the father of Doe 8.  The NCAA has clarified that it seeks dates for the remaining Doe parents. First, Plaintiffs' counsel does not represent all of the Doe parents, as the NCAA knows from the service of document subpoenas.  As to the father of Doe 8, Plaintiffs' counsel is not authorized to accept service of a subpoena for his deposition absent USF's agreement to depose him at the same time as Doe 8 is no longer a party to this lawsuit.  NCAA will separately subpoena any Doe parents not represented by Plaintiffs' counsel.  Second, Plaintiffs object that deposing all of the Does' parents would result in the NCAA far exceeding its 10-deposition limit under Federal Rule of Civil Procedure 30(a)(2)(A)(i), which the NCAA will have already exceeded with the depositions of the Does alone.  Plaintiffs' counsel has agreed that the NCAA may exceed its deposition limit to depose the parents of Doe 1 and Doe 2, the father of Doe 6, and the father of Doe 8—an additional six depositions beyond the Plaintiffs themselves and an additional eight over the NCAA's limit of ten.

The NCAA notes that Plaintiffs raised the 10-deposition limit for the first time on June 24, 2024.  Had Plaintiffs raised the objection earlier, the NCAA would have sought leave to take more than 10 depositions.  Plaintiffs' own statements show the limit is unworkable in this case with 12 plaintiffs since the NCAA would not even be able to take the party depositions.  In addition to the Plaintiffs themselves, Plaintiffs list approximately 138 non-party witnesses in their initial disclosures and interrogatory answers.  The NCAA is conferring with Plaintiffs' counsel on the number of fact-witness depositions and will finalize the number by June 27, 2024.  The NCAA offered to not take the Doe parent depositions if Plaintiffs agreed not to call them at trial, but Plaintiffs did not agree.

Plaintiffs' counsel seeks to have those depositions be coordinated with the Northern District of California matter defendants.  Yesterday evening, counsel for Plaintiffs, the NCAA, USF, and the two USF coaches met and conferred in-person to finalize deposition dates.  Dates

were confirmed for the parents of Doe 2, and the parties continue to confer regarding dates for the remaining Doe parents. The NCAA is in the process of serving deposition subpoenas for those two. If all parties are not able to find dates for the remaining Doe parents, the NCAA and Plaintiffs will find dates that work for the NCAA and Plaintiffs.

*Counsel Responsible.* Counsel responsible for the matters above on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Mike von Klemperer, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

2.     **A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

*Document Productions*. As addressed in section 1 above, Plaintiffs and the NCAA will continue to review and produce documents responsive to their respective RFPs.

*Depositions*. The NCAA is taking the deposition of Plaintiffs' expert Elana Sigall on June 25, 2024, and will take the deposition of Plaintiffs' expert Robert Boland on June 26, 2024. As set forth above, the parties have set or are in the process of setting a schedule for the NCAA's depositions of Does 4-14 and the parents of Doe 1, Doe 2, the father of Doe 6, and, if in coordination with USF, the father of Doe 8. The NCAA is conferring with Plaintiffs' counsel on the number of fact-witness depositions and will finalize the number by June 27, 2024.

*Counsel Responsible.* Counsel responsible for the matters above on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Mike von Klemperer, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible for the matters above on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

**3.     A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

*Appeal of This Court's February 15 Social Media Production Order.* Plaintiffs' appeal of this Court's February 15, 2024 social media production order remains pending with Judge Barker. The briefing on that appeal was complete on March 19, 2024. ECF Nos. 118, 130, 137.

*Plaintiffs' Motion to Compel Historical Complaints.* On March 28, 2024, Plaintiffs moved to compel production of documents responsive to Plaintiffs' First Set of RFPs Nos. 6-8 and 32, which relate to, among other things, reports of sexual misconduct made against athletic personnel at NCAA member institutions, for the time period 1999 to July 31, 2019. The briefing on that motion was complete on April 18, 2024. ECF Nos. 148, 163, 174. Plaintiffs contend that, while this motion is pending, the NCAA should begin production of all complaints of sexual misconduct from the RSRO and CSC databases dating back to 1999, which the NCAA suggested on April 11, 2024 (in its opposition to this motion), was a "compromise [that] would allow for the expanded time frame Plaintiffs request." ECF No. 163 at 7. The NCAA contends that this production is not warranted, was offered as a compromise which was rejected by Plaintiffs, and would be premature (and also notes that it proposed only to search those databases as available, which is not to 1999).

*Plaintiffs' Motion for Protective Order.* On April 15, 2024, Plaintiffs filed a Motion for Protective Order Precluding Discovery of Plaintiffs' and Non-Parties' Sexually Explicit Images and Conversations. The briefing on that motion was complete on April 29, 2024. ECF Nos. 168, 185, 189.

***Plaintiffs' Motion to Compel RFA Responses.*** On May 10, 2024, Plaintiffs filed a Motion to Challenge Sufficiency of Defendant's Responses to Requests for Admission. The briefing on that motion was complete on May 31, 2024. ECF Nos. 204, 226, 236.

***Plaintiffs Motion to Compel Additional Custodians.*** On May 14, 2024, Plaintiffs filed a Motion to Compel Additional Document Custodians. The briefing on that motion was complete on June 5, 2024. ECF Nos. 215, 228, 242.

***Counsel Responsible.*** Counsel responsible for discovery disputes pending on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Mike von Klemperer, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan. Counsel responsible for discovery disputes pending on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy.

4. **A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Parties' Position.** The Parties will continue their rolling production of documents responsive to all of their respective RFPs within the next 28-day period, as described in section 1 above. The parties will also conduct the depositions described above. The NCAA will produce its next rolling privilege log by July 15, 2024.

**Counsel Responsible.** Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Andrea Pierson, and Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Mike von Klemperer, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

**5.      A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Parties' Position.**  Following a June 17, 2024 conference with the Court, the Court entered three agreed upon modifications to the Court's Case Management Order (ECF Nos. 50, 149) pertaining to: (1) Plaintiffs' deadline to file the discovery certification required by the Court's April 8, 2024 Order, (2) the NCAA's opposition to Plaintiffs' motion for class certification and Plaintiffs' reply, and (3) the January 2025 telephonic settlement conference. *See* ECF No. 263.

As discussed during the June 17, 2024 conference, the parties continued to meet and confer and have now reached agreement on a proposal for several other modifications to the existing schedule, as follows:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| NCAA Liability Experts and Reports | July 8, 2024 | October 11, 2024 |
| Close of Liability Discovery Incl. Liability Expert Discovery | August 16, 2024 | November 11, 2024 |
| NCAA Dispositive Motion Deadline | September 13, 2024 | November 11, 2024 |
| Plaintiffs' Damages Experts and Reports | October 4, 2024 | Same |
| Plaintiffs' Opp to Dispositive Motion/Cross-Motion | October 11, 2024 | December 9, 2024 |
| NCAA Damages Experts and Reports | November 4, 2024 | Same |
| NCAA Dispositive Motion Reply, Cross Opposition | November 8, 2024 | January 9, 2025 |
| Plaintiff Cross Dispositive Motion Reply | November 22, 2024 | January 23, 2025 |
| Telephonic Settlement Conference | January 2, 2025 | January 9, 2025 (already changed by Court order) |
| Close of Remaining Fact Discovery | January 17, 2025 | Same |
| Final Witness and Exhibit Lists | November 6, 2024 | February 10, 2025 |
| All Pre-Trial Dates |  | Same |
| Trial | June 23, 2025 | Same |

-10-

The parties look forward to discussing this proposal with the Court at the June 27, 2024 status conference. *See* ECF No. 263 at 2, n.1 ("The Court will be prepared to discuss those proposed changes further during the next status conference, which is scheduled on June 27, 2024.").

Except as set forth above, the parties are committed to the deadlines in the Court's Case Management Order.

**Counsel Responsible.** Counsel responsible for such discovery on behalf of the NCAA are Carolyn Hoecker Luedtke, Hailyn Chen, Ariel Teshuva, Andrea Pierson, Nicholas Alford, Alice Morical, Kristina Coleman, and Bianca Eddy, and on behalf of Plaintiffs are Elizabeth Fegan, Lynn Ellenberger, Mike von Klemperer, Jonathan Selbin, Michelle Lamy, and Jessica Moldovan.

**6.** **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any delays in the completion of discovery in this matter.**

The Parties do not presently have any additional discovery issues that require the Court's attention. The parties will reach out to the Court should any of the matters discussed herein ripen to requiring the Court's attention.

DATED: June 25, 2024    By:   *Carolyn Hoecker Luedtke*

Carolyn Hoecker Luedtke (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077
Email:   Carolyn.Luedtke@mto.com

        Hailyn J. Chen (*pro hac vice*)
        Ariel T. Teshuva (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        350 South Grand Avenue, Fiftieth Floor
        Los Angeles, California 90071-3426
        Telephone:    (213) 683-9100
        Facsimile:     (213) 687-3702
        Email:   Hailyn.Chen@mto.com
                    Ariel.Teshuva@mto.com

        Andrea Roberts Pierson
        Alice M. Morical
        Nicholas B. Alford
        Kristina Coleman
        Bianca Eddy
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 N. Meridian Street, Suite 2500
        Indianapolis, Indiana 46204
        Telephone:    (317) 237-1424
        Facsimile:     (317) 237-1000
        Email:   andrea.pierson@faegredrinker.com
                    alice.morical@faegredrinker.com
                    nicholas.alford@faegredrinker.com
                    kristina.coleman@faegredrinker.com
                    bianca.eddy@faegredrinker.com

*Attorneys for Defendant The National Collegiate Athletic Association*


DATED: June 25, 2024        By:    *Michelle A. Lamy*

        Elizabeth A. Fegan (*pro hac vice*)
        beth@feganscott.com
        FEGAN SCOTT LLC
        150 S. Wacker Drive, 24th Floor
        Chicago, IL 60606
        Telephone: (312) 741-1019
        Facsimile: (312) 264-0100

Lynn A. Ellenberger (*pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

Jonathan D. Selbin (*pro hac vice*)
jselbin@lchb.com
Jessica A. Moldovan (*pro hac vice*)
jmoldovan@lchb.com
LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9508

Michelle A. Lamy (*pro hac vice*)
mlamy@lchb.com
LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Lynn A. Toops, No. 26386-49
ltoops@cohenandmalad.com
Arend J. Abel, No. 10763-49
aabel@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system. Parties may access this filing through the Court's system.

                                                                                       /s/   Michelle A. Lamy