UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE 1, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-00542-SEB-MJD |
| ) | |
| NATIONAL COLLEGIATE ATHLETIC ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO SEAL**

This matter is before the Court on Plaintiffs' Motion to Seal, [Dkt. 259]. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. Discussion

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht, 622 F.3d 697, 701 (7th Cir. 2010)*. This long-standing presumption of public access may be rebutted only under certain circumstances. *Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 832 (7th Cir. 2013)*. Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 547 (7th Cir. 2002)*. A party may therefore only file a document under seal if it has "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)*. In the Southern District of Indiana, the filing of documents under seal is governed by Local Rule 5-11.

On June 14, 2024, Plaintiffs filed the instant motion, seeking to maintain Docket Nos. 258-1 through 258-27 under seal. [Dkt. 259.] Plaintiffs also move to maintain Docket No. 256 under seal. In their motion, Plaintiffs identified Defendant as the designating party pursuant to Local Rule 5-11(d)(4)(A) for Docket Nos. 258-1 through 258-27 and themselves for Docket No. 256.

### A. Dkt. 256

Plaintiffs request the sealing of Docket No. 256 as it contains discussions of the exhibits that Defendant has designated as confidential. The redacted version of this document is located at Docket No. 255. The Court finds that Plaintiffs' redactions are appropriate as well as good cause for sealing, and accordingly, with regard to Dkt. 256, the motion is **GRANTED**.

### B. Dkt. 258

Plaintiffs request the sealing of the exhibits attached to Docket No. 258. Docket 258 itself is a cover sheet, and therefore will not be sealed. Plaintiffs designated Defendant as the designating party, and Defendant filed a brief in support at Docket No. 268. Defendant filed redacted versions of Docket Nos. 258-4, 258-5, 258-6, 258-7, 258-8, 258-9, 258-10, 258-11, 258-12, 258-13, 258-14, 258-15, 258-16, 258-17, 258-19, 258-20, 258-21, and 258-27. The redacted copies of these documents are at Docket Nos. 268-1 through 268-18. The Court finds that Defendant's redactions are appropriate, as well as good cause for sealing. Accordingly, the motion with regard to Docket Nos. 258-4, 258-5, 258-6, 258-7, 258-8, 258-9, 258-10, 258-11, 258-12, 258-13, 258-14, 258-15, 258-16, 258-17, 258-19, 258-20, 258-21, and 258-27 is **GRANTED.**

At Dkt. 273, Defendant filed a Notice of Filing Amended Exhibits, attaching amended redacted versions at Dkt. 274 of Docket Nos. 258-13 and 258-19. The original redactions were at

2

Dkts. 268-10 and 268-15. The Court will seal the original redacted versions and leave the amended redacted versions available to the public. Accordingly, Docket Nos. 268-10 and 268-15 will be sealed.

No party has filed redacted copies of Docket Nos. 258-1, 258-2, 258-3, 258-18, 258-22, 258-23, 258-24, 258-25, or 258-26. Accordingly, the motion with regard to Docket Nos. 258-1, 258-2, 258-3, 258-18, 258-22, 258-23, 258-24, 258-25, or 258-26 is **DENIED.**

## II.  Conclusion

For the reasons set forth above, Plaintiff's Motion to Maintain Documents Under Seal, [Dkt. 259], is **GRANTED IN PART** and **DENIED IN PART.**

The motion with regard to Docket Nos. 256, 258-4, 258-5, 258-6, 258-7, 258-8, 258-9, 258-10, 258-11, 258-12, 258-13, 258-14, 258-15, 258-16, 258-17, 258-19, 258-20, 258-21, 258-27, 268-10, and 268-15 is **GRANTED. The clerk shall permanently seal Docket Nos. 256, 258-4, 258-5, 258-6, 258-7, 258-8, 258-9, 258-10, 258-11, 258-12, 258-13, 258-14, 258-15, 258-16, 258-17, 258-19, 258-20, 258-21, 258-27, 268-10, and 268-15.**

The motion with regard to Docket Nos. 258-1, 258-2, 258-3, 258-18, 258-22, 258-23, 258-24, 258-25, and 258-26 is **DENIED. The clerk shall unseal Docket Nos. 258, 258-1, 258-2, 258-3, 258-18, 258-22, 258-23, 258-24, 258-25, and 258-26.**

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated:  6 AUG 2024

_Mark J. Dinsmore_
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.